[Civ. No. 1426. First Appellate District.—January 13, 1915.]

WILLIAM G. PENNYCOOK, Respondent, v. THOMAS F. BOYLE, Auditor, et al., Appellants.

PUBLIC OFFICERS—INSPECTOR OF DEPARTMENT OF ELECTRICITY—SUSPENSION AND REINSTATEMENT—RIGHT TO SALARY—CLAIM OF LACHES—MANDAMUS.—In a proceeding for a writ of *mandamus* to compel the auditor of the city and county of San Francisco to audit, and the treasurer to pay, certain salary demands of the petitioner, as inspector of the department of electricity, where it appears that petitioner was absent from his post of duty during the period for

which salary is sought to be recovered under suspension upon charges of neglect of duty, which charges were never heard, but were finally dismissed, and the petitioner was reinstated in his position and within two months after such reinstatement instituted this proceeding, the petitioner cannot be held to be guilty of laches in bringing the suit, on the theory that because the civil service provisions of the charter of San Francisco limit the power and period of suspension of a subordinate official to thirty days, and therefore after the lapse of such period the petitioner was in a position to have demanded and retaken his place and performed his duties and that not having done so, he ought not to be permitted to wait for a period of over a year before applying for a writ of mandate to compel the payment of a salary for which he rendered no service.

ID.—PERIOD OF SUSPENSION—OFFER TO PERFORM SERVICES—DEMAND FOR SALARY—LACK OF LACHES.—In such a case, where the proof showed that, whether or not the suspension of the petitioner was lawful for a longer period than thirty days, it was actually maintained by the persons ordering it for nearly a year, during which time another person was actually in possession of the petitioner's place, claiming title to it, and that, although the petitioner daily for a period of three months after his suspension presented himself at his proper place for service and offered to perform his duties, his offer was refused, and that in addition to this the petitioner presented regularly and during the entire year of his suspension his salary demand in due form to the city officials whose duty it was to audit and pay the same and within two months after his reinstatement he instituted this proceeding, the petitioner was not guilty of laches, as he could not have taken his position by force nor could he have successfully applied for a writ of mandate during the period of suspension.

ID.—LOSS TO CITY.—In such a case the petitioner being an injured party throughout, and at all times entitled to his office and its emoluments, the writ should not be denied him because its issuance would result in great loss and injury to the city.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Charles Munroe, Judge presiding.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and Harry G. McKannay, Assistant City Attorney, for Appellants.

W. H. Smith, for Respondent.

THE COURT.—This is an appeal from the judgment of the superior court directing the issuance of a writ of mandate compelling the auditor of the city and county of San Francisco to audit, and the treasurer to pay, certain salary demands of the petitioner as inspector of the department of electricity of said city, said demands covering the period between February, 1911, and the major portion of the month of January, 1912.

The pleadings and proof show that during the above period the petitioner was absent from his post of duty as such inspector under suspension upon charges of neglect of duty, which charges were never heard but were finally dismissed, and the petitioner reinstated in his position in the latter part of the month of January, 1912. Within two months after such reinstatement the petitioner instituted this proceeding to compel the payment of his salary during the period of his suspension.

The chief and practically only point made for the appellants is that the petitioner was guilty of laches in not sooner instituting this proceeding, and that for that reason his application for a writ of mandate should be denied. In support of this position the appellants point out that the civil service provisions of the charter of San Francisco limit the power and period of suspension of a subordinate official to thirty days, and the appellants insist that after this period of suspension had elapsed the petitioner was in a position to have demanded and retaken his place and performed his duties, and that not having done this he ought not to be permitted to wait for a period of over a year before applying for a writ of mandate to compel the payment of a salary for which he rendered no service. The proofs in the case, however, show that whether or not the suspension of the petitioner was lawful for a longer period than thirty days, it was actually maintained by the persons ordering it for nearly a year, during which time another person was actually in possession of the petitioner's place, claiming title to it, and that although the petitioner daily for a period of three months after his suspension presented himself at his proper place of service and offered to perform its duties, his offer was refused, and that in addition to this the petitioner presented regularly and during the entire year of his suspension his salary demand in due form to the city officials whose duty it was to audit and

pay the same. The record further shows that within two months after his reinstatement he instituted this proceeding.

We do not think that laches can be predicated upon this state of facts, and can hardly see what more the petitioner could have done to keep alive his rights to his position and salary than he is shown to have done. He could not be expected to break into an office occupied by another by force, particularly when the intruder was there by official sanction of his superiors; nor could he have successfully applied for a writ of mandate during the period of suspension under the authority of the case of *Black* v. *Board of Police and Fire Commissioners*, 17 Cal. App. 310, [119 Pac. 674]. The record shows that he filed his application for the writ within two months after the ban of his suspension had been removed and he had been restored to his office. Clearly he was guilty of no laches.

The further contention of the appellants that the writ should have been denied because its issuance would result in great loss and injury to the city and county of San Francisco, which is an innocent party to the affair, is equally devoid of merit. The city only acts through its officials, and must expect to suffer from their wrongful acts. So far as the record here shows, the petitioner herein was an innocent and injured party throughout, and was at all times entitled to his office and its emoluments, and he certainly ought not to be made to suffer any further delay in the procurement of the salary to which at all times he was shown to have been entitled.

The judgment and order are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 12, 1915.