[Civ. No. 14271.  First Dist., Div. One.  Oct. 3, 1949.]

C. ELLSWORTH WYLIE, Petitioner, v. STATE PERSON-NEL BOARD OF THE STATE OF CALIFORNIA et al., Respondents.

Robert A. Kenny and Kenny & Morris for Petitioner.

Fred N. Howser, Attorney General, and Paul M. Joseph, Deputy Attorney General, for Respondents.

BRAY, J.—Petition for writ of mandate directing respondent State Personnel Board to authorize payment of petitioner's salary for the period from December 4, 1948, to March 25, 1949.

The main question is: Under the State Civil Service Act, where charges are filed against a state employee by the appointing power and he is suspended by such power from service pending the hearing of such charges, and one of those charges is found true by the State Personnel Board, has the latter board any authority to restore to such employee salary for any portion of the period of suspension?

## FACTS

The facts are not disputed. Petitioner, a civil service employee holding the position of special representative of the attorney general, on October 4, 1948, was suspended from his position by the attorney general and remained so suspended until March 25, 1949, the date of the State Personnel Board's first decision hereinafter mentioned. On October 7, 1948, the attorney general preferred formal charges against petitioner with the State Personnel Board charging that he had used a state-owned automobile on personal business and praying that he be suspended from his position for 60 days without pay. On November 2, 1948, the attorney general filed amended and supplemental charges against petitioner, praying that he be dismissed from his said position. These charges included the original charge of misuse of the state's automobile and other more serious charges. A hearing was had on the amended and supplemental charges. On March 25, the personnel board rendered its decision, finding the petitioner guilty of the charge of misuse of the state's automobile, but

not guilty of all the other charges. It then ordered petitioner suspended from his position, without pay, from October 4, the date of his original suspension by the attorney general, to December 3 (two months), and restored to his position as of December 4. It further ordered the return to him of his salary for the period December 4 to March 25, subject, however, to a further hearing to determine whether there were any deductions to be made from such salary. A hearing was had and on June 3, 1949, the board rendered its decision finding that there were no deductions to be made from petitioner's salary, but further finding that under section 19584 of the Government Code, inasmuch as it had found true one of the charges against petitioner, the board had no authority to authorize the payment to petitioner of salary for any portion of the period of his suspension. Petitioner sought a rehearing by the board on the matters contained in the June 3 decision. Being denied such, he brought this proceeding.

## STATUTES

Charges were filed against petitioner under the authority of section 19574 of the Government Code: "The appointing power, the board, or any person with the consent of the board, the appointing power or the Attorney General, may file charges against any employee or any person on any employment list for punitive action for one or more causes for discipline defined in this article." He was suspended under the authority of section 19576 of the Government Code: "The appointing power or any person authorized by the appointing power so to do may immediately suspend any employee from service without pay pending the filing of charges or the hearing thereon by notifying him of the suspension. Such suspension is valid only if charges are filed with the board and served on the employee within 15 days of the date of the suspension. Such suspension is effective until a hearing has been held on the charges and a decision rendered by the board." Section 19500 provides the type of tenure a civil service employee has: "The tenure of every permanent employee holding a position is during good behavior. Any such employee may be temporarily separated from the State civil service through layoff, leave of absence, *or suspension,* permanently separated through resignation or removal for cause, or permanently or temporarily separated through retirement." (Emphasis added.) Section 19584 of the Government Code provides: "(a) If the board finds that the charges made were untrue or that the respondent was justified in the course of

conduct upon which the charges were based, in rendering its decision it shall authorize the payment of salary for the period of suspension, but salary shall not be authorized or paid for any portion of a period of suspension that the employee was not ready, able, and willing to perform the duties of his position, whether such suspension is valid or not or the charges on which it is based state facts sufficient to constitute cause for disciplinary action.'' Then follows a provision for deductions from such salary under certain conditions not relevant here.

Petitioner contends that the March 25 order which awarded him back pay was a final order, and hence the board had no power to make its order of June 3. This contention is correct if the board had the power to make the back pay award. If it had no such power, its order was void and could be corrected by a subsequent order even though such order would not be necessary as the void order would be unenforceable.

Respondent contends that the board had no such power for the reason that the sections on suspension must be applied completely separate from those dealing with the charges filed; that the suspension of petitioner being legal under section 19576, the only situation in which the board had the power to return back pay is that provided by section 19584, namely, if the charges are found untrue or the conduct justified. To determine this question it is necessary to read the statute as a whole. Such a reading demonstrates an overall intent of leaving extent of penalty to the board. This overall intent is clearly expressed in section 19582 of the Government Code—''The board shall . . . render a decision which in its judgment is just and proper.'' The very next section—19583—provides that the punitive action, if any, may start from the date of suspension or service of charges. No terminal for such suspension is fixed, that being governed by the preceding section that the decision shall be ''just and proper.'' Under these sections we would have no difficulty at all, if they stood alone, in holding that complete power over the penalty rests with the board, and if they think a limited period of penalty (deprivation of pay), less than the period of suspension, is proper, they have power to impose this lesser penalty.

The rule in California before the adoption of the present law was that if the employee was improperly suspended he was entitled to recover. (*Stockton* v. *Department of Employment*, 25 Cal.2d 264 [153 P.2d 741]; *Ahlstedt* v. *Board of*

*Education,* 79 Cal.App.2d 845 [180 P.2d 949].) This was the so-called common law rule of California. (*Ward* v. *Marshall,* 96 Cal. 155 [30 P. 1113, 31 Am.St.Rep. 198] ; *Pennycook* v. *Boyle,* 26 Cal.App. 301 [146 P. 895] ; *O'Neill* v. *Williams,* 53 Cal.App. 1 [199 P. 870].) If the employee was guilty of the charges he was, of course, not entitled to any back salary. What the rule might have been, in the absence of statute, where the employee was part guilty and part innocent, was not decided.

The question here involves the construction of the State Civil Service Act (Stats. 1937, ch. 753, p. 2085; 1 Deering's Gen. Laws, Act 1404). The statements of law appearing in 37 American Jurisprudence, Municipal Corporations, section 258, Annotated Cases 1918B, 445, and in *Nightingale* v. *Williams,* 70 Cal.App. 424 [233 P. 807], to the effect that where the original suspension is legal, the public employee cannot recover back pay, unless specifically authorized by statute, are not in conflict with our ruling. To hold that section 19584 prohibits the board from allowing return of some back pay in cases where some charges are found true and others untrue, would completely deny the power given the board in section 19582 to make such decision as is ''just and proper.''

Prior to 1937, the appointing power had the absolute right of suspension without pay for 30 days, without a right to a hearing. In 1937 (Stats. 1937, p. 2085), a new Civil Service Act was adopted. By section 171 the absolute power of suspension without review was abolished. But this meant too great a restraint on the appointing power. He could not get rid of a bad employee at once in an emergency. To meet this situation section 173 of the act (Stats. 1939, p. 2506, at p. 2512), was amended to give the appointing power a qualified power of suspension. But formal charges had to be filed within 15 days and the board was ordered to authorize payment of salary if the charges were found to be false. In such a case no discretion exists—salary must be paid. But this statute did not purport to limit or control the provisions of section 19582, that in other cases the decision should be ''just and proper.'' The conclusion is logical that the 1939 amendment to section 173 of the State Civil Service Act (Stats. 1939, ch. 898, p. 2514, § 173, subd. d), later embodied in section 19584, was intended to restore the former California rule *that an innocent employee was entitled, as a matter of right, to back salary.* It was not intended to limit the power of the board to render ·a decision that is ''just and proper.''

Any other construction of the provisions of the Civil Service Act would create the rather anomalous situation that the matter of suspension by an appointing power is divorced from the matter of trial and penalty by the personnel board. The personnel board is given the power to determine the penalty which shall be inflicted for the charge found to be true. It might be a reprimand, or, as the board (and the attorney general originally) intended here, a loss of salary for a period less than the period of suspension. Still, as the original suspension was legal the employee could not be restored any portion of his back salary. Therefore, in effect, the board would have no power, where it finds a charge to be true, or one charge true and another untrue, to fix a penalty less than loss of salary for such period of time as it takes the board to hear and determine the charge, or charges; and in case of two different employees, both charged with and found guilty of identical offenses, one might suffer a greater loss of salary than the other, dependent entirely upon whether the board took a greater amount of time to hear and determine the one case than the other.

Respondent argues that the history of the legislation ending in the enactment of section 19584 compels a different conclusion as to the meaning of the statute than the one we have drawn. This history follows: Statutes 1929, chapter 136, page 251, gave the Civil Service Commission the power to restore to the suspended employee such back pay as "may be equitable." (P. 252.) In 1937, this provision was deleted entirely by the enactment of a new State Civil Service Act (Stats. 1937, ch. 753, p. 2085) which made no mention of restoration of pay to suspended employees. Then in 1939 came the predecessor of the present section 19584, Government Code. However, it must be remembered that while these changes were being made the Legislature as shown above was also changing the situation as to the right of suspension by the appointing power. The changes and the history of the sections dealing with both matters must be considered together. It then clearly appears that the power of penalty rests finally in the board and that all that section 19584 does is to provide that in the event the charges are found untrue the board has no power to take back pay away. Any other interpretation makes sections 19582 and 19583 meaningless.

There is another factor here involved. When the attorney general suspended this employee and filed charges for the improper use of the automobile he fixed the maximum proposed

penalty at 60 days' suspension—the precise punishment imposed by the board in its first decision. This would rather conclusively demonstrate that the balance of the suspension was caused by the supplemental charges, and, as to them, the employee was found innocent.

The order of March 25 restoring to petitioner his back salary from December 4 to March 25 was a valid and final order. Hence, that portion of the order of June 3, purporting to set aside the order of March 25, was void.

Let the peremptory writ issue as prayed.

Peters, P. J., and Ward, J., concurred.

The opinion was modified to read as above on October 14, 1949.