[Civ. No. 17222. Fourth Dist., Div. Two. June 13, 1977.]

WARREN FUGITT et al., Plaintiffs and Appellants, v.
CITY OF PLACENTIA et al., Defendants and Respondents.

**COUNSEL**

Hays & Petersen and Seth J. Kelsey for Plaintiffs and Appellants.

Hoyt & Goforth and Calvin T. Goforth for Defendants and Respondents.

---

**OPINION**

**MORRIS, J.**—Petitioners have appealed from a judgment of dismissal after order sustaining a general demurrer without leave to amend. The petitioners had sought a writ of mandate requiring respondents to pay to petitioners wages and other benefits for the period they were prevented from working due to their wrongful discharge by respondents.

The petitioners, who are appellants herein, by their petition for writ of mandamus, alleged: That on October 28, 1974, petitioner Warren Fugitt was hired by the City of Placentia as a probationary fire captain and on October 20, 1974, petitioner Elroy Gobrogge was hired as a probationary fire engineer; that on September 2, 1975, petitioners were terminated from their employment; that pursuant to the memorandum of understanding between the city and petitioners' union, International Association of Fire Fighters, Local 2147, a grievance procedure was instituted; that after the grievance was denied at the third step on September 22, 1975, the matter was heard by a sole impartial arbitrator, who found that·

the discharge was arbitrary and capricious, and ordered the petitioners reinstated; that as a result of the discharge the petitioners were denied their salary and other benefits between September 2, 1975, and December 1, 1975, the date of reinstatement, and that petitioners filed a claim for said salary and benefits, which claim was denied by operation of law.

The original petition had attached thereto, and incorporated therein by reference, a copy of the arbitration findings and award and a copy of the claim filed by petitioners with respondent city. It did not include a copy of the memorandum of understanding. Although not made a part of the record on appeal, the parties have in their briefs agreed that a demurrer was sustained to the petition with leave to amend. The petition was amended to include the memorandum of understanding and allegations that the city had agreed to all of the terms and conditions thereof, including the payment in accordance with the schedule attached to the memorandum of understanding.

Thereafter, a further hearing was held and the trial court entered its order sustaining the demurrer to the petition, as amended, without leave to amend.

■ When a court makes an order sustaining a demurrer without leave to amend, the question on appeal is whether the trial court, in making the order, has abused its discretion. (*Carroll* v. *Hanover Insurance Co.,* 266 Cal.App.2d 47, 49 [71 Cal.Rptr. 868].) The burden of showing an abuse of discretion rests on the appellant. (*Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co.,* 31 Cal.App.3d 220, 225 [107 Cal.Rptr. 123, 69 A.L.R.3d 1142]; *Schultz* v. *Steinberg,* 182 Cal.App.2d 134, 140-141 [5 Cal.Rptr. 890].)

■ A public employee is entitled only to such compensation as is expressly provided by statute, ordinance or (where authorized by law) resolution of the appropriate governing body. (*Markman* v. *County of Los Angeles,* 35 Cal.App.3d 132, 135 [110 Cal.Rptr. 610]; Gov. Code, § 36506.) In the amended petition herein, petitioners place sole reliance on the memorandum of understanding adopted October 1, 1973, pursuant to procedures set forth in Government Code sections 3500-3510. Although the memorandum of understanding provides that all benefits previously in effect pursuant to resolution or ordinance which are not modified by the memorandum of understanding should remain in full force and effect, petitioners have not cited any other authority as the source of any right to payment of the benefits sought herein.

Therefore, we turn to the memorandum of understanding to ascertain whether the respondent city is under a mandatory duty to pay the benefits claimed in the petition.

Article III of the memorandum of understanding provides in pertinent part as follows: "A. Wages for the various job classes shall be set forth in Appendix 'A' attached to this Memorandum, and by this reference made a part hereof, and shall reflect the wage increases agreed upon for all classifications represented by the IAFF." Appendix "A" sets forth the salary ranges for fire engineer and fire captain.

It is clear from a review of the memorandum of understanding that the respondents are under a duty to pay petitioners' salaries pursuant to the schedule adopted in the memorandum of understanding unless that duty is legally extinguished.

Here the respondents attempted to extinguish the city's duty to pay petitioners' salaries by terminating their employment. Thereupon the petitioners invoked the grievance procedure established by the memorandum of understanding.

Article VIII of the memorandum of understanding establishes a four step grievance procedure. Step IV provides for a hearing before a grievance board, which is in effect an arbitration panel of three, unless the parties mutually agree to waive the requirements for a three-member board, and to submit the grievance to a sole impartial chairman with the same effect. Step IV also provides that the "Grievance Board shall, in writing . . . submit to the parties its decisions for resolution of the grievance, including the penalty or remedy, if any, to be imposed . . . ." (Memo. of understanding, art. VIII, step IV(b)(3).) Paragraph (10) of subdivision (b) provides that the grievance board or sole impartial chairman "shall have no power to add to, subtract from, modify, or amend any provision of this Memorandum . . . nor . . . award monetary damages . . . ."

Article XVI provides in pertinent part as follows: "PROBATION [¶] The probationary period for fire personnel covered by this Memorandum shall be one year . . . . [¶] Termination of a probationary employee shall be subject to review under the grievance procedure (Step II) only to determine if the termination was arbitrary or capricious."

The sole impartial chairman agreed upon by the parties hereto determined that the dismissals of the petitioners were arbitrary and capricious and ordered that they be reinstated promptly. In refusing to award anything beyond reinstatement the chairman stated, "The chairman will make no other award with respect to them. Article XVI of the Memorandum of Understanding subjects the termination [of probationary employees] to review only to determine if the termination was arbitrary and capricious. It does not permit review of any lesser form of discipline. To award anything beyond reinstatement, such as partial or total backpay, is to pass upon the merits of discipline of a lesser form than termination. The language of Article XVI could have been written to provide such. It appears that it was consciously written to avoid such."

This analysis is clearly correct. The grievance board had only the authority granted in the memorandum of understanding. In the case of a probationary employee, the board's jurisdiction was limited to the determination whether the dismissals were arbitrary or capricious.

The petitioners concede that the parameters of the arbitrator's power precluded an award of back pay, but contend that, once the arbitrator "voided the discharge," the city had the option to (1) try to impose a lesser punishment, or (2) reinstate petitioners with full pay from date of discharge.

In support of this argument, petitioners cite *Pennycook* v. *Boyle,* 26 Cal.App. 301 [146 P. 895] and *Wylie* v. *State Personnel Board,* 93 Cal.App.2d 838 [209 P.2d 974]. Both cases involved proceedings to compel payment of a civil service employee's salary for periods of suspension. In *Pennycook,* the petitioner was under suspension for a period of one year, no hearing was ever held on the charges, and two months after suspension was lifted the employee sought payment for the period of suspension. The principal issue considered by the Court of Appeal was whether the petitioner was guilty of laches in not sooner instituting the proceeding. There was no dispute that the applicable civil service provisions of the charter of San Francisco limited the power of suspension to three days, and the court found that petitioner was entitled "to his office and its emoluments" during the period it was wrongfully withheld. (*Id.,* at pp. 303-304.) In *Wylie,* the issue was one of statutory construction, whether under the state Civil Service Act the State Personnel Board had the authority to restore back pay to an employee

for a portion of a period of suspension where one of the charges had been found true. It was conceded that he would be entitled had all charges been found untrue. (Stats. 1937, ch. 753, p. 2085.)

■ California courts have consistently held that a "civil service employee who has been unlawfully deprived of his position is entitled to recover the full amount of the salary which accrued to him from the date of his unlawful discharge *to the date of his reinstatement*, less any amounts he earned or might reasonably have earned from other employment during that period." (*City of Ukiah* v. *Fones*, 64 Cal.2d 104, 107 [48 Cal.Rptr. 865, 410 P.2d 369]; *Stockton* v. *Department of Employment*, 25 Cal.2d 264, 273-274 [153 P.2d 741].) However, as respondents contend, even where civil service provisions apply, a distinction is made between an employee with permanent status and a probationary employee. (See *Wiles* v. *State Personnel Board*, 19 Cal.2d 344 [121 P.2d 673].)

The petitioners' status as probationary employees under the memorandum of understanding is comparable to that of probationary employees under the various civil service provisions. Therefore, we consider the memorandum of understanding in the light of the cases dealing with probationary employees under civil service provisions. ■ Although the statutes and rules are not uniform with respect to probationary periods, the cases uniformly hold that rules which limit removal of civil service employees under prescribed conditions are inapplicable to probationers, and that until probationary appointees have completed the probationary period they may be summarily discharged. (*Neuwald* v. *Brock*, 12 Cal.2d 662, 674 [86 P.2d 1047]; *Kennedy* v. *State Personnel Board*, 6 Cal.2d 340, 343 [57 P.2d 486]; see also *Rodgers* v. *Board of Public Works*, 208 Cal. 291, 294 [281 P. 64].)[1]

Increasingly, agreements between public agencies and their employees' representatives provide for arbitration of disputes or grievances arising thereunder. (Grodin, *Public Employee Bargaining in California: The Meyers-Milias-Brown Act in the Courts* (1972) 23 Hastings L.J. 719, 758, fn. 174.) An examination of arbitration decisions reveals that in the absence of a contract provision specifically providing for such review, the discharge of probationary employees is not subject to review. (*M. P. Pumps, Inc. and International Association of Machinists and Aerospace*

---

[1]Overruled to extent inconsistent with the principle that the right to summarily discharge even probationary public employees does not extend to deprivation of a constitutional right. (*Bekiaris* v. *Board of Education*, 6 Cal.3d 575, 587-588, fn. 7 [100 Cal.Rptr. 16, 493 P.2d 480], and cases therein cited.)

*Workers, Lodge 82* (1974) 74-1 ARB, par. 8333, pp. 4248-4251.) Although recent cases have held such discharge reviewable, the review has been limited to determining whether the employer's action was in bad faith, was arbitrary and capricious or was discriminatory. (*Id.*; see also *Hankison Corp. and United Steelworkers of America, Local 6546, AFL-CIO,* 74-1 ARB, par. 8189; and *National Broadcasting Co., Inc. and National Assoc. of Broadcasting Employees and Technicians, AFL-CIO-CLC, Local 51* (1974) 74-1 ARB, par. 8083.)

 It is in this context that we must examine the rights granted by the memorandum of understanding in this case. It becomes immediately apparent that the parties intended to adopt the rationale of those cases extending the limited right of review to discharged probationary employees. When the memorandum of understanding is viewed as a grant of the right of review (even though limited to the grounds stated), rather than as a limitation of an existing right, the meaning becomes obvious. The extension of the right of review to the termination of a probationary employee implies the rights incident to such review. When the discharge is found arbitrary and capricious, reinstatement is automatic. Otherwise, the right of review is meaningless. Furthermore, in the absence of some action extinguishing the right, the reinstated employee is entitled to recover the salary pertaining to the position from which he was wrongfully removed. Since the probationary employee is subject to lesser discipline without a right of review, the arbitrator correctly refrained from including back pay in his award.

Pursuant to the procedures established by the memorandum of understanding, the sole impartial arbitrator found that the discharges of petitioners were arbitrary and capricious. Having done so he had exhausted his jurisdiction. It was then incumbent upon the city to either impose a lesser discipline, such as suspension without pay for the period of the abortive discharge,[2] or reinstate the petitioners with back pay for the period during which they were wrongfully deprived of their positions.

Respondents seek to support the judgment sustaining the demurrer on the ground that the memorandum of understanding prohibits the payment of the compensation sought by the petitioners.

---

[2] As the sole impartial chairman emphasized in his order, such lesser form of discipline in the case of a probationary employee would not have been subject to the grievance procedure.

This argument is based upon the limitation imposed on the authority of the arbitrator by the memorandum of understanding, and the statement of the arbitrator setting forth that limitation. The respondents conclude that "the arbitrator has determined that the claimed compensation is not payable."

This conclusion does not follow. The memorandum of understanding does not permit the *arbitrator* to award back pay; it does not limit the legal effect of the determination that the discharge was wrongful.

Neither does the fact that petitioners were probationary employees affect their right to back pay. Their status as probationary employees limited their right of review to a determination of whether their termination was arbitrary or capricious; it does not limit the legal effect of a determination made within the scope of review extended to probationary employees. Once the discharge was found to be arbitrary and capricious, it was ineffectual and the petitioners were entitled to reinstatement. ▇ "The law is well settled that a civil service employee who has been unlawfully deprived of his position is entitled to recover the amount of his accrued salary during the period he is prevented from performing his duties, less the amount he has received from private or public employment during that period. (*Stockton* v. *Dept. of Employment,* 25 Cal.2d 264, 273 . . . ; *Wiles* v. *State Personnel Board,* 19 Cal.2d 344 . . . .)" (*Ahlstedt* v. *Board of Education,* 79 Cal.App.2d 845, 857 [180 P.2d 949].) There is no rational basis for differentiation between the rights of civil service and noncivil service employees or between permanent and probationary employees with respect to back pay *once the determination has been made that a discharge is unlawful pursuant to the applicable law, ordinance or resolution.* The discharge is thereby rendered abortive, ineffective and for all purposes unauthorized.

The effect of article XVI of the memorandum of understanding is to give probationary employees the right not to be arbitrarily and capriciously discharged. This right is a part of his employment contract just as in the case of a civil service employee. "A wrongfully discharged employee, both private and public, is entitled to damages which tend to make him whole; in short, compensatory damages. (Civ. Code, § 3300.)" (*Currieri* v. *City of Roseville,* 50 Cal.App.3d 499, 507 [123 Cal.Rptr. 314].) ▇ Mandamus is proper to compel the payment of back salary to a city employee for the period during which he was wrongfully discharged. (See *Pennycook* v. *Boyle, supra,* 26 Cal.App. 301.)

Since the complaint herein states a cause of action for compensation during the period of discharge, it was an abuse of discretion to sustain the demurrer without leave to amend.

Judgment is reversed.

Gardner, P. J., and Tamura, J., concurred.

A petition for a rehearing was denied July 6, 1977, and respondents' petition for a hearing by the Supreme Court was denied August 25, 1977.