[No. D055470. Fourth Dist., Div. One. Sept. 23, 2010.]

DAVID JAY AGOSTO, Plaintiff and Appellant, v.
BOARD OF TRUSTEES OF THE GROSSMONT-CUYAMACA
COMMUNITY COLLEGE DISTRICT, Defendant and Respondent.

**COUNSEL**

The Torgow Law Firm and Martha A. Torgow for Plaintiff and Appellant.

Stutz Artiano Shinoff & Holtz, Jack M. Sleeth, Jr., and Paul V. Carelli IV for Defendant and Respondent.

**OPINION**

**McDONALD, Acting P. J.**—David Jay Agosto appeals a judgment denying his petition for a writ of mandate directing the Board of Trustees of the Grossmont-Cuyamaca Community College District (District) to reinstate him to his former position of vice-president of Cuyamaca College and pay him backpay. On appeal, Agosto contends the trial court erred by (1) denying his request for reinstatement because he has statutory and property rights to his former position as a community college administrator; (2) denying his request for reinstatement while inconsistently awarding him partial backpay; (3) denying his request for reinstatement based on its alternative finding he was unable to work as an administrator because of his disability; (4) finding he waived his right to reinstatement; and (5) excluding certain evidence.

### FACTUAL AND PROCEDURAL BACKGROUND

In March 1995, District and Agosto entered into a contract pursuant to which he was employed as "Executive Dean, Student Services" for a two-year term from March 27, 1995, through March 27, 1997. That contract provided: "6. **Reassignment.** [¶] In the event that this contract of employment is not renewed for the ensuing school year by the District, [Agosto] shall be reassigned for the ensuing school year to another position for which

he has the necessary qualifications, in accordance with the District's policies and procedures, the Management Employees Handbook, or other agreement governing reassignment and retreat rights. *In the event that this contract is not to be renewed for the ensuing school year, the District may, at the time it gives [Agosto] written notice that the contract will not be renewed, immediately reassign [Agosto] to another position, which need not be an administrative or supervisory position, for which he has the necessary qualifications, provided, however, that [Agosto] will continue to receive for the balance of the term of this contract the salary benefits which he is entitled to receive under this contract notwithstanding such immediate reassignment.*" (Italics added.) The contract further provided: "This agreement does not confer tenure in the administrative or supervisory position upon an academic administrator."

Agosto's employment contract was periodically renewed, although his position was subsequently redesignated as "Vice President, Cuyamaca College." In 2004 and 2005, Agosto was assigned by District as interim associate vice-chancellor, which assignment was to end on June 30, 2006. In September 2005, he was diagnosed with kidney disease and took intermittent leave from September 2005 through January 2006, and then was on full-time leave until November 30, 2006.

On February 21, 2006, District's board of trustees met in closed session and gave "alternative instructions of negotiation" to the chancellor, apparently to "explore" with Agosto the termination, or nonrenewal, of his contract (in comparison to its outright nonrenewal of another administrator's contract). On March 10, 2006, District sent Agosto a letter informing him of the board's decision not to renew his appointment as interim associate vice-chancellor, that his position would end on July 1, 2006, and he would not be offered any other administrative position. However, the letter informed Agosto he might have the right to return to a faculty position pursuant to the provisions of Education Code[1] section 87458. The letter further stated that although District disagreed with Agosto's argument that he had a right to his prior position of vice-president through July 2007, were a court to determine he was correct, the letter provided notice pursuant to section 72411 of District's intent not to renew that contract.

In July 2006, District offered Agosto, and he accepted, reassignment to a full-time counselor position as a first-year probationary faculty employee for the coming academic year. However, Agosto apparently never performed any work in that position because he was on disability leave before and after a medical procedure performed in September 2006.

---

[1] All statutory references are to the Education Code unless otherwise specified.

In November 2006, Agosto filed the instant petition for writ of mandate, alleging District did not properly terminate his two-year contract at least six months before its expiration as required by section 72411. He sought a writ of mandate directing District to reinstate him to the position of vice-president of Cuyamaca College and pay him backpay. In response, District argued that because it never signed Agosto's purported written employment contract in 1995, the statute of frauds barred its enforcement. It also argued it timely notified Agosto of its decision not to renew his appointment to his position. Finally, citing *Barthuli v. Board of Trustees* (1977) 19 Cal.3d 717 [139 Cal.Rptr. 627, 566 P.2d 261] (*Barthuli*), District argued Agosto did not have a right to reinstatement to his position as an administrator. In the first trial on the petition, the trial court (San Diego County Superior Court Judge Joan M. Lewis) denied the petition, finding that the written contract was unenforceable because District had not signed it and District had timely notified Agosto that his year-to-year position would not be renewed.[2] Agosto appealed that judgment.

On July 29, 2008, we reversed the judgment for District and remanded the matter for further proceedings consistent with the views expressed in our opinion. (*Agosto v. Board of Trustees of the Grossmont-Cuyamaca Community College Dist.* (July 29, 2008, D051045) [nonpub. opn.].) We concluded that although District did not sign the written contract, "[t]o permit [District] to assert the statute of frauds defense in these circumstances would facilitate a fraud upon Agosto and unjustly allow the District to escape its obligations to him under the contract." We refrained from deciding the question whether Agosto's two-year contract renewed on March 27, 2007. Nevertheless, we concluded District's March 10, 2006, notice of termination (or nonrenewal) of his two-year contract was untimely.

On remand, the trial court (San Diego County Superior Court Judge Ronald S. Prager) considered the evidence presented by the parties and their written and oral arguments. On May 27, 2009, the court issued an order denying in part and granting in part the petition for writ of mandate. The court noted that our July 29, 2008, opinion concluded Agosto's employment contract was not terminated because District failed to comply with section 72411's notice requirements, but our opinion did not address District's defenses and we remanded for further proceedings. The trial court stated:

"This Court finds that the parties have not modified or rescinded the contract by subsequent conduct from the two-year term to a year-to-year appointment; there is insufficient evidence that the Board voted to terminate [Agosto's] employment; and that his term of employment extended to March

---

[2] The trial court did not address District's alternative argument that under *Barthuli* Agosto did not have a right to reinstatement to his position as an administrator.

27, 2007. [¶] [Agosto's] two-year contract was not modified by conduct. . . . [Agosto] never waived his rights to continue to be employed under his original two[-]year contract. [¶] . . . [¶]

"As to the issue of what is the appropriate remedy, [Agosto] is entitled to the difference in pay between an administrator and a faculty member for July through part of November 2006 and an amount of lump-sum vacation pay since he was not able to work or be paid after November 2006 because of his disability (Ed. Code[,] § 87789.) The Court notes that [Agosto] retired in 2008.

"However, reinstatement is not proper for two reasons. One, he took the position that he was disabled and stopped working in 2005 but was paid until November 2006 by sick pay and other disability benefits. He cannot take an inconsistent position about his own health, and has not provided medical evidence to show that he was not really disabled. Two, the court in [*Barthuli*] held that reinstatement is not an appropriate remedy for an administrator because an administrator, unlike a teacher, does not possess a statutory right to his position." Agosto timely filed a notice of appeal.[3]

## DISCUSSION

### I

### *Writes of Mandate Generally*

■ Code of Civil Procedure section 1085, subdivision (a), provides that a writ of mandate may be issued "by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ." "The availability of writ relief to compel a public agency to perform an act prescribed by law has long been recognized." (*Santa Clara County Counsel Attys. Assn. v. Woodside* (1994) 7 Cal.4th 525, 539 [28 Cal.Rptr.2d 617, 869 P.2d 1142].) To obtain writ relief, a petitioner must show " '(1) A clear, present and usually ministerial duty on the part of the respondent . . . ; and

---

[3] Although the trial court did not enter a "judgment," for purposes of this appeal we consider its written order dated May 29, 2009, to be a final judgment from which Agosto can appeal. (*Townsel v. San Diego Metropolitan Transit Development Bd.* (1998) 65 Cal.App.4th 940, 944, fn. 1 [77 Cal.Rptr.2d 231]; *Haight v. City of San Diego* (1991) 228 Cal.App.3d 413, 416, fn. 3 [278 Cal.Rptr. 334].)

(2) a clear, present and beneficial right in the petitioner to the performance of that duty . . . .' [Citation.]" (*Id.* at pp. 539–540.) "Although mandate will not lie to control a public agency's discretion, that is to say, force the exercise of discretion in a particular manner, it will lie to correct abuses of discretion. [Citation.] In determining whether an agency has abused its discretion, the court may not substitute its judgment for that of the agency, and if reasonable minds may disagree as to the wisdom of the agency's action, its determination must be upheld. [Citation.]" (*Helena F. v. West Contra Costa Unified School Dist.* (1996) 49 Cal.App.4th 1793, 1799 [57 Cal.Rptr.2d 605].)

Code of Civil Procedure section 1086 provides: "The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. . . ." A writ of mandate must not be issued where the petitioner's rights are otherwise adequately protected. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 596 [79 Cal.Rptr.3d 489].) "It is a general rule that the extraordinary remedy of mandate is not available when other remedies at law are adequate." (*Tevis v. City & County of San Francisco* (1954) 43 Cal.2d 190, 198 [272 P.2d 757].) If the petitioner has an adequate remedy in the form of an ordinary cause of action for breach of contract and has no right to reinstatement to his or her position, a writ of mandate must be denied. (*Ibid.; 300 DeHaro Street Investors v. Department of Housing & Community Development* (2008) 161 Cal.App.4th 1240, 1254–1255 [75 Cal.Rptr.3d 98]; *Taylor v. Marshall* (1910) 12 Cal.App. 549, 553 [107 P. 1012].) "[M]andamus does not lie when there is no cause of action for reinstatement to a position, but merely a claim for damages for breach of contract." (*Elevator Operators etc. Union v. Newman* (1947) 30 Cal.2d 799, 808 [186 P.2d 1].)

"In reviewing the trial court's ruling on a [petition for] writ of mandate [citation], the appellate court is ordinarily confined to an inquiry as to whether the findings and judgment of the trial court are supported by substantial evidence." (*Saathoff v. City of San Diego* (1995) 35 Cal.App.4th 697, 700 [41 Cal.Rptr.2d 352].) "[I]n a proceeding for a writ of mandate, when the matter is heard only on written evidence, all conflicts in the written evidence are resolved in favor of the *prevailing* party, and factual findings are examined for substantial evidence." (*Capo for Better Representation v. Kelley* (2008) 158 Cal.App.4th 1455, 1462 [71 Cal.Rptr.3d 354].) "However, the appellate court may make its own determination when the case involves resolution of questions of law where the facts are undisputed." (*Saathoff*, at p. 700.)

II

*Right to Reinstatement to Administrator Position*

Agosto contends the trial court erred by denying his petition for writ of mandate for reinstatement because, pursuant to section 72411, he has statutory and property rights to his former position as a community college administrator.[4]

A

Section 72411 provides:

"(a) Every educational administrator shall be employed, and all other administrators may be employed, by the governing board of the district by an appointment or contract of up to four years in duration. The governing board of a community college district, with the consent of the administrator concerned, may at any time terminate, effective on the next succeeding first day of July, the term of employment of, and any contract of employment with, the administrator of the district, and reemploy the administrator, on any terms and conditions as may be mutually agreed upon by the board and the administrator, for a new term to commence on the effective date of the termination of the existing term of employment.

"(b) *If the governing board of a district determines that an administrator is not to be reemployed by appointment or contract in his or her administrative position upon the expiration of his or her appointment or contract, the administrator shall be given written notice of this determination by the governing board. For an administrator employed by appointment or contract, the term of which is longer than one year, the notice shall be given at least six months in advance of the expiration of the appointment or contract unless*

---

[4] On March 24, 2010, District filed a request for judicial notice of the complete administrative hearing decision of California's Public Employment Relations Board identified as *Grossmont-Cuyamaca Community College Dist.* (2008) PERB Decision No. 1958. District argues that because Agosto offered only certain excerpts of that decision in support of his petition below, we should take judicial notice of the entire administrative decision to help show how that decision determined Agosto was not a member of the administrators' association. However, because the entire decision apparently was not proffered by Agosto, or otherwise considered by the trial court, and is, in any event, irrelevant to the issues on appeal, we deny District's request for judicial notice. (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [31 Cal.Rptr.2d 358, 875 P.2d 73], overruled on another ground in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276 [63 Cal.Rptr.3d 418, 163 P.3d 106]; *People v. Preslie* (1977) 70 Cal.App.3d 486, 493 [138 Cal.Rptr. 828].) We decline to judicially notice material that "has no bearing on the limited legal question at hand." (*People v. Stoll* (1989) 49 Cal.3d 1136, 1144, fn. 5 [265 Cal.Rptr. 111, 783 P.2d 698].)

*the contract or appointment provides otherwise.* For every other administrator, notice that the administrator may not be reemployed by appointment or contract in his or her administrative position for the following college year shall be given on or before March 15.

   "(c) *If the governing board fails to reemploy an administrator by appointment or contract in his or her administrative position and the written notice provided for in this section has not been given, the administrator shall, unless the existing appointment or contract provides otherwise, be deemed to be reemployed for a term of the same duration as the one completed with all other terms and conditions remaining unchanged. . . .*" (Italics added.)

   Section 72411.5 provides: ". . . The dismissal of . . . an administrator employed by appointment or contract pursuant to Section 72411 shall, if the administrator does not have tenure as a faculty member, be in accordance with the terms of the appointment or contract of employment. If the administrator has tenure as a faculty member, the dismissal of . . . the administrator shall be in accordance with the provisions applicable to faculty members."

   Agosto asserts that because District did not give him six months' advance written notice of its purported February or March 2006 determination not to reemploy him on the expiration of his two-year contract as required by section 72411, he had a statutory right to his administrative position that precluded District from reassigning him or dismissing him from his position during the term of that contract (and any "automatic" renewal thereof pursuant to § 72411, subd. (c)). However, based on our independent interpretation of section 72411, we conclude the trial court correctly found Agosto did not have either a statutory right or property right to his position as a community college administrator and therefore was not entitled to a writ of mandate directing District to reinstate him to his former position. We, like the trial court, conclude *Barthuli* is controlling authority and compels us to conclude a community college administrator, like the school district administrator in *Barthuli*, does not have a right to reinstatement to an administrative position.

   In *Barthuli, supra*, 19 Cal.3d 717, the Supreme Court affirmed the trial court's judgment denying a petition for writ of mandate to compel a school district to reinstate the petitioner to his former position as an associate superintendent for business. (*Id.* at pp. 719, 723.) In that case, the school district's board voted to rescind the petitioner's four-year contract after only one year based on his purported breach of his employment contract. (*Id.* at pp. 719–720.) The trial court denied the petition for writ of mandate relief, finding the petitioner had an adequate remedy at law in a breach of contract

cause of action.[5] (*Barthuli, supra,* 19 Cal.3d at p. 720.) On appeal, the California Supreme Court noted "[r]einstatement has been recognized as an appropriate remedy when an employee has been discharged in violation of his statutory rights [citations] or constitutional rights [citations]." (*Ibid.*) However, after an analysis of the statutory scheme involving school district administrators, *Barthuli* concluded those administrators do *not* have a statutory right to their positions as administrators. (*Id.* at pp. 720–723.) It quoted from a section of the Education Code substantially similar to section 72411, subdivision (a), which is involved in the instant case.[6] (*Barthuli, supra,* 19 Cal.3d at pp. 720–721.) *Barthuli* stated:

"Section 13314 (§§ 44893, 87454) provided that a tenured teacher 'when advanced from a teaching position to an administrative or supervisory position . . . shall retain his permanent classification *as a classroom teacher.*' (Italics added.) Section 13315 (§§ 44897, 87458) stated: 'A person employed in an administrative or supervisory position requiring certification qualifications upon completing a probationary period, including any time served as a classroom teacher, in the same district, shall . . . be classified as and become a permanent employee *as a classroom teacher.*' (Italics added.)

"Although numerous statutes list grounds for teacher dismissal, providing hearings for charges of teacher misconduct [citation], there are no similar statutory provisions governing assistant superintendent misconduct.

"In the absence of such provisions sections 13314 (§§ 44893, 87454) and 13315 (§§ 44897, 87458) must be read as establishing that administrative and supervisory personnel do not possess a statutory right to their positions. The statutes vest such persons with rights to the position of classroom teachers, not to administrative positions. [Citations.]" (*Barthuli, supra,* 19 Cal.3d at p. 721.)

*Barthuli* noted the petitioner had not sought reinstatement to his position as a classroom teacher or alleged he would be refused such a position. (*Barthuli, supra,* 19 Cal.3d at p. 721.) *Barthuli* concluded: "[I]n the absence of a deprivation of a constitutional right [(which deprivation *Barthuli* concluded did not exist)], *reinstatement to his former position is not an available remedy for a discharged associate superintendent*; reinstatement is available only to the position of classroom teacher." (*Ibid.,* italics added.) *Barthuli* further stated: "Petitioner, in his position as an administrator, is not a permanent employee. [Citation.] *The Legislature has not given him a property right in the administrative position.* Rather, the Legislature has made clear by

---

[5] The court alternatively found a preponderance of the evidence showed the petitioner had, in fact, breached his employment contract. (*Barthuli, supra,* 19 Cal.3d at p. 720.)

[6] *Barthuli* quoted former section 938 (now § 35031). (*Barthuli, supra,* 19 Cal.3d at pp. 720–721.)

sections 13314 (§§ 44893, 87454) and 13315 (§§ 44897, 87458) that petitioner's tenure rights and thus his property rights are those of a classroom teacher and not those of an administrator." (*Barthuli, supra*, 19 Cal.3d at pp. 722–723, italics added.) Because the petitioner had neither a statutory right nor a property right to his former administrative position with the school district, the Supreme Court affirmed the judgment denying his petition for writ of mandate seeking reinstatement to his administrative position. (*Id.* at p. 723.)

*Barthuli* is not inapposite to this case because it involved a statutory scheme involving school district administrators and not community college administrators. Rather, we conclude *Barthuli*'s express reference to two statutory provisions dealing with the rights of community college administrators demonstrated it did not intend its reasoning to apply solely to school district administrators. *Barthuli* parenthetically referred to sections 87454 and 87458, both of which relate to the rights of community college administrators. (*Barthuli, supra*, 19 Cal.3d at pp. 721, 723.) Section 87454 provides: "A tenured employee, when assigned from a faculty position to an educational administrative position, or assigned any special or other type of work, or given special classification or designation, shall retain his or her status as a tenured faculty member." Regarding nontenured administrative employees (such as Agosto), section 87458 provides:

"A person employed in an administrative position that is not part of the classified service, who has not previously acquired tenured status as a faculty member in the same district and who is not under contract in a program or project to perform services conducted under contract with public or private agencies, or in other categorically funded projects of indeterminate duration, shall have the right to become a first-year probationary faculty member once his or her administrative assignment expires or is terminated if all of the following apply: [¶] . . . [¶]

"(c) The administrator has completed at least two years of satisfactory service, including any time previously served as a faculty member, in the district.

"(d) The termination of the administrative assignment is for any reason other than dismissal for cause. . . ."

■ Those provisions set forth the statutory rights of a community college administrator in the event his or her administrative assignment is terminated. Based on *Barthuli*'s reference to those statutory provisions (§§ 87454, 87458), which were substantially similar to those directly involved in that case, we conclude *Barthuli*'s reasoning and holding apply to community college administrators. Accordingly, former community college administrators do *not* have either a statutory right or property right to their former administrative positions and therefore are not entitled to writ relief directing reinstatement to their positions.

In *Loehr v. Ventura County Community College Dist.* (9th Cir. 1984) 743 F.2d 1310 (*Loehr*), the United States Court of Appeals for the Ninth Circuit applied similar reasoning in concluding that because a community college administrator did not have a property right to his former administrative position under California law, he could not state a cause of action under title 42 United States Code section 1983.[7] (*Loehr, supra*, 743 F.2d at pp. 1314–1316.) *Loehr* stated: "[N]either [section 72411] nor any other section of California law relating to the employment of [community college administrators] provides him a property interest in his position." (*Loehr*, at p. 1315.) *Loehr* interpreted *Barthuli*'s reasoning and holding as applying to community college administrators, stating: "By parenthetically citing the statutory provisions governing tenure of community college administrators [(§§ 87454, 87458)], the California Supreme Court clearly indicated its holding covered those positions as well as the positions of elementary and secondary school personnel. Furthermore, it expressly considered . . . § 35031 . . . in reaching its holding. [Citation.] Section 35031 is virtually identical to section 72411, the section [the petitioner] erroneously relies on to establish an entitlement to continued employment as superintendent." (*Loehr, supra*, 743 F.2d at p. 1315.) Regarding section 72411's notice provision, *Loehr* reasoned: "Part of section 72411 . . . provides for notice to [the petitioner] six months before the end of the contract if the trustees of a [community college] district decide not to reemploy him. If the trustees 'fail[] to reelect or reemploy the superintendent' without giving that notice, his contract is automatically renewable. *This provision, however, creates no property right.* As a procedural requirement, it is not 'intended to be a "significant substantive restriction" ' on the Board's decisionmaking power over the employment of superintendents [citation], and provides no 'articulable standard' that would define such a restriction [citation]. Indeed, section 72411.5 provides instead for wholly contractual restrictions. Thus, the procedural requirement of section 72411 creates no constitutionally protected property interest. [Citation.]" (*Loehr, supra*, 743 F.2d at p. 1315, italics added.) *Loehr* supports the conclusion that *Barthuli*'s reasoning and holding apply to community college administrators. Therefore, former community college administrators do not have either a statutory right or property right to their former administrative positions that would entitle them to writ of mandate relief reinstating them to their former positions.[8]

*Barthuli* is not inapposite to this case because the administrator's contract in *Barthuli* was terminated by the school district for an alleged breach of

---

[7] The petitioner in *Loehr* was a superintendent of a community college district whose four-year contract was terminated (for alleged breaches of contract) after one year. (*Loehr, supra*, 743 F.2d at pp. 1312–1313.)

[8] *Loehr* "express[ed] no opinion whether [the petitioner] could maintain an action for breach of contract under California law." (*Loehr, supra*, 743 F.2d at p. 1316.)

contract. There is nothing in *Barthuli*'s reasoning or holding that shows the court considered the alleged breach of contract in deciding whether the administrator had a statutory right or property right to his former administrative position. Rather, *Barthuli*'s holding was based on the court's analysis of the statutory scheme involving school district administrators, which statutory scheme is substantially similar to that applicable to community college administrators. The fact Agosto's administrative position was terminated by District apparently without cause or was an alleged breach of contract does not make *Barthuli*'s holding or our reasoning inapplicable.[9] None of the cases cited by Agosto persuade us to reach a contrary conclusion.[10]

## B

Agosto also argues *Barthuli* does not apply to his case because since 1988 the statutory scheme for community college administrators has been amended to take tenure rights away from community college administrators and replace them with contract rights. In support of his argument, he cites "AB1725." (Stats. 1988, ch. 973, p. 3087.) Agosto argues: "AB1725 repealed longstanding provisions entitling administrators to earn tenure and providing due process for issues of discipline and termination. In doing so, the Community College model was diverted from the K-12 system in which, even today, academic administrators can earn tenure while serving in administrative positions. For community college administrators, in exchange for the loss of

---

[9] We likewise are unpersuaded by Agosto's assertion that: "Unlike the *Barthuli* K-12 provision, the community college statutes specifically grant to each academic administrator[] rights to his <u>administrative</u> position, not to a faculty position." Like *Barthuli*, we conclude a community college administrator's statutory rights on termination of his or her position are to a teaching or faculty position, and not an administrative position, under the applicable statutory scheme. (See, e.g., §§ 87454, 87458.) The fact that a community college administrator's contract or position may be terminated with or without the advance notice required by section 72411 does not give him or her any statutory or property right to the former administrative position.

[10] *Barton v. Governing Board* (1976) 60 Cal.App.3d 476 [131 Cal.Rptr. 455] does not provide persuasive authority because it predated, and was presumably disapproved by, the California Supreme Court's decision in *Barthuli*. *Hoyme v. Board of Education* (1980) 107 Cal.App.3d 449 [165 Cal.Rptr. 737] does not provide any persuasive authority because it addressed only whether the school district strictly complied with a notice statute and did not consider, or cite, *Barthuli*. *Ellerbroek v. Saddleback Valley Unified School Dist.* (1981) 125 Cal.App.3d 348 [177 Cal.Rptr. 910], does not provide persuasive authority because it addressed whether the school district complied with a notice statute and did not consider, or cite, *Barthuli*. Furthermore, all three cases involved a different statutory scheme from that applicable to community college administrators involved in this case. Most importantly, because none of those cases considered whether the school administrators had a statutory or property right to their administrative positions in accordance with *Barthuli*'s reasoning and holding, we conclude they are inconsistent with *Barthuli* and, in any event, we are not persuaded by their reasoning. Accordingly, we decline to follow their reasoning and instead apply *Barthuli*'s reasoning and holding.

job security by the removal of the tenure protections and due process rights, the Legislature created the requirement of employment contracts for educational administrators. That protection is found in the revised provisions of sections 72411 and 72411.5 that apply to the present case." However, Agosto's argument is conclusory and without citation to statutory provisions supporting his argument that community college administrators before Assembly Bill No. 1725 (1987–1988 Reg. Sess.) could earn tenure (whether as faculty members or administrators) and Assembly Bill No. 1725 removed those tenure rights. In any event, assuming arguendo Assembly Bill No. 1725 removed the right of community college administrators to earn tenure while serving in an administrative position, we nevertheless conclude that difference does not make *Barthuli*'s reasoning and holding inapplicable to Agosto's case. As discussed above, *Barthuli*'s reasoning was based, in large part, on a statutory scheme that granted administrators certain rights to teaching positions on termination of their administrative positions. The current statutory scheme for community college administrators (§§ 87454, 87458) remains analogous to the statutory scheme involved in *Barthuli*. To the extent community college administrators may no longer earn tenure rights while serving in administrative positions, they nevertheless retain certain statutory rights to faculty positions on termination of their administrative positions. Agosto does not persuade us that amendments to the statutory scheme for community college administrators make *Barthuli*'s reasoning and holding inapplicable to his case or otherwise show he has a statutory or property right to his former administrative position.

## III

### *Inconsistent Award of Backpay*

Agosto contends the trial court erred by denying his request for reinstatement while inconsistently awarding him partial backpay. He argues that inconsistency in the judgment shows the court was confused and should also have issued a writ of mandate directing his reinstatement to his former position, consistent with its award of backpay.

In support of his argument, Agosto cites *Norton v. San Bernardino City Unified School Dist.* (2008) 158 Cal.App.4th 749 [69 Cal.Rptr.3d 917] (*Norton*). In *Norton*, the trial court entered a judgment that denied in full the petition for a writ of mandate directing the reinstatement of the petitioner to his former position with full backpay and reversing the administrative order imposing a one-month suspension without pay, but also inconsistently ordered that he be reinstated to his former position with full backpay. (*Id.* at pp. 755, 759.) *Norton* concluded the judgment was "internally inconsistent and in error because it denies Norton's petition for reinstatement, but orders

reinstatement. The judgment does not clearly state whether or not Norton had been reinstated." (*Id.* at p. 752.) *Norton* stated: "The judgment signed by the trial court, therefore, is internally inconsistent as it denies Norton's request for the issuance of a writ compelling the District to reinstate him and provide him unpaid backpay and benefits, but, at the same time, orders the District to reinstate him and provide unpaid backpay and benefits if it has not already done so. At oral argument on appeal, counsel for Norton and the District each agreed the record shows the trial court failed to decide the issue whether the District reinstated Norton in compliance with the personnel commission's decision. Norton therefore has shown that the trial court erred." (*Norton, supra,* 158 Cal.App.4th at p. 759.) Accordingly, *Norton* reversed the judgment to the extent it denied Norton's request for a writ of mandate directing the district to reinstate his position and pay him backpay. (*Id.* at p. 765.)

Unlike *Norton*, the judgment in this case is *not* internally inconsistent regarding whether the trial court denied Agosto's petition for a writ of mandate directing District to reinstate him to his former administrative position. Rather, the trial court clearly concluded Agosto was *not* entitled to reinstatement to his former administrative position. After awarding Agosto partial backpay, the court stated: "[R]einstatement *is not proper* for two reasons. . . . Two, the court in [*Barthuli*] held that reinstatement is not an appropriate remedy for an administrator because *an administrator*, unlike a teacher, *does not possess a statutory right to his position.*" (Italics added.)

However, as Agosto argues, the trial court's award of backpay *is* inconsistent with its denial of his petition for a writ of mandate directing District to reinstate him to his former administrative position. An award of backpay is generally dependent on, and secondary to, a writ of mandate directing reinstatement of the petitioner to his or her former position. (See, e.g., *Lomeli v. Department of Corrections* (2003) 108 Cal.App.4th 788, 790, 798 [134 Cal.Rptr.2d 179]; *Phillips v. County of Fresno* (1990) 225 Cal.App.3d 1240, 1247–1248 [277 Cal.Rptr. 531]; *Fugitt v. City of Placentia* (1977) 70 Cal.App.3d 868, 876 [139 Cal.Rptr. 123]; *Ofsevit v. Trustees of Cal. State University & Colleges* (1978) 21 Cal.3d 763, 769–770, 776, 777, fn. 14 [148 Cal.Rptr. 1, 582 P.2d 88]; *Lowe v. California Resources Agency* (1991) 1 Cal.App.4th 1140, 1144–1145, fn. 3 [2 Cal.Rptr.2d 558].) Accordingly, if a petition for writ of mandate seeking reinstatement is denied, there generally is no basis on which backpay can be awarded in that writ proceeding. To the extent a former employee seeks "backpay" but has no right to reinstatement to his or her former position, the former employee generally must file a complaint alleging a cause of action for recovery of that backpay (e.g., breach of contract cause of action) and not a petition for writ of mandate seeking reinstatement and backpay.

As we noted above, a writ of mandate may not be issued where the petitioner's rights are otherwise adequately protected. (Code Civ. Proc., § 1086; *County of San Diego v. State of California, supra,* 164 Cal.App.4th at p. 596.) "It is a general rule that the extraordinary remedy of mandate is not available when other remedies at law are adequate." (*Tevis v. City & County of San Francisco, supra,* 43 Cal.2d at p. 198.) Therefore, if the petitioner has an adequate remedy in the form of an ordinary cause of action for breach of contract and has no right to reinstatement to his or her position, a writ of mandate must be denied. (*Ibid.; 300 DeHaro Street Investors v. Department of Housing & Community Development, supra,* 161 Cal.App.4th at pp. 1254–1255; *Taylor v. Marshall, supra,* 12 Cal.App. at p. 553.) "[M]andamus does not lie when there is no cause of action for reinstatement to a position, but merely a claim for damages for breach of contract." (*Elevator Operators etc. Union v. Newman, supra,* 30 Cal.2d at p. 808; see also 8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 90, p. 978 ["Where the defendant, in violation of a contract or a statutory obligation, fails or refuses to pay money owed to the plaintiff, the normal remedy is an action at law."].) Accordingly, when the trial court denied Agosto's petition for a writ of mandate directing his reinstatement, it should also have denied his request for backpay. To the extent Agosto sought to recover backpay without a right to reinstatement to his former administrative position, he should have filed a complaint alleging an ordinary cause of action to recover that money.[11]

Nevertheless, because District did not file a cross-appeal challenging the trial court's writ of mandate directing District to pay Agosto backpay (for the period of July through Nov. 2006), District cannot now challenge the trial court's error in awarding him backpay after (correctly) denying his petition for a writ of mandate directing District to reinstate him to his former administrative position. In its respondent's brief, District concedes it made a deliberate decision not to challenge the trial court's error in awarding Agosto backpay while denying him reinstatement: "In theory, [District] could have cross-appealed from the granting of the writ with respect to back-pay and sought reversal, since back-pay awards are attendant to the finding of reinstatement; since Agosto had no right to reinstatement, his correct procedural right was a suit at law for breach of contract. ([*Barthuli*], *supra,* 19 Cal.3d at p. 720.) However, in the interests of judicial economy, [District] did not challenge the procedural anomaly, since the trial court treated the back-pay award as if the claim were for a breach of contract, and the final result would be the same regardless." Lacking a timely appeal by District challenging the trial court's error in partially granting Agosto's petition for a writ of mandate directing District to pay him backpay, we may not reverse that part of the judgment reflecting that error.

---

[11] We express no opinion regarding the merits of that cause of action.

IV

*Alternative Grounds for Denying Reinstatement*

Agosto contends the trial court erred by denying his petition for a writ of mandate directing District to reinstate him to his former administrative position on the alternative grounds that (1) he was unable to work as an administrator because of his disability; and (2) he waived his right to reinstatement. However, because we concluded above the trial court correctly denied Agosto's petition for a writ directing his reinstatement based on the absence of any statutory or property right to his former administrative position and the holding in *Barthuli*, we need not address the court's alternative grounds for denying his request for reinstatement.

V

*Exclusion of Evidence*

Agosto contends the trial court erred by excluding certain evidence he proffered in support of his petition for writ of mandate. While conceding his contention may be irrelevant to our disposition of his appeal, Agosto argues the trial court erred by excluding paragraph 7 of his second declaration in support of his petition.[12] He summarily argues the court erred by excluding that evidence on the ground it expressed a legal opinion, because he instead had offered it to show why he relied on District's report of closed session actions. However, assuming arguendo the court erred by excluding that evidence, Agosto does not argue, or persuade us, the error was prejudicial and requires reversal of the judgment. Because Agosto has not carried his burden on appeal to show it is reasonably probable he would have obtained a more favorable result had the evidence not been excluded or that a miscarriage of justice occurred because of its exclusion, we conclude the purported evidentiary error by the trial court did not constitute prejudicial error. (Cal. Const.,

---

[12] In that paragraph, Agosto declared: "After I received the March 10, 2006[,] letter from Omero Suarez, I continued to believe it was not valid. After about 30 years of experience with governing board meetings in compliance with the Brown Act, I was very knowledgeable [about] the requirements for and limitations on closed session matters, votes, and reports out in public session. My experience with Brown Act compliance includes 8 years as a Trustee on the Board of Southwestern Community College District, 2 years as a College President at Cuyamaca College and San Diego City College, over 20 additional years as a senior administrator in various California community college[] districts—including Cuyamaca College, the [District] Office, and the Los Angeles Community College District (15 years)— where I was required to attend board meetings, and 5 years at the State Chancellor's Office. So, based on my experience, knowledge of public meeting laws, and the inconsistencies of the Reports of Closed Session Actions for my position compared with those for Ted Martinez and the Assistant Dean (Exhibits D and CC), I expected to prevail in any challenge to the 'March 15th notice.' "

art. VI, § 13; *Tudor Ranches, Inc. v. State Comp. Ins. Fund* (1998) 65 Cal.App.4th 1422, 1431–1432 [77 Cal.Rptr.2d 574].)

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

O'Rourke, J., and Aaron, J., concurred.

A petition for a rehearing was denied October 13, 2010, and appellant's petition for review by the Supreme Court was denied January 19, 2011, S187821.