Filed 9/10/13; pub. order 9/27/13 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| AMERICAN CORPORATE SECURITY, INC., | C070504 |
| Plaintiff and Appellant, | (Super. Ct. No. 39201100270100CUWMSTK) |
| v. | |
| JULIE SU, AS LABOR COMMISSIONER, ETC., | |
| Defendant and Respondent. | |

Paul Thomas filed a complaint with the Labor Commissioner, claiming that he was fired from his job at plaintiff American Corporate Security, Inc. (ACS) in retaliation for asserting his rights under the Labor Code. Defendant Labor Commissioner investigated the complaint and found reasonable cause to believe there was a violation. The Labor Commissioner, however, did not issue her determination until over three years after Thomas filed his complaint. Labor Code section 98.7 requires the Commissioner to give notice of the determination "not later than 60 days after the filing of the complaint."

1

(Lab. Code,[1] § 98.7, subd. (e).)  ACS petitioned for a writ of mandate to order the Labor Commissioner to retract the determination and order for remedial action.

ACS appeals from an order of dismissal after the demurrer of defendant Labor Commissioner was sustained.[2]  ACS contends it was an abuse of discretion to sustain the demurrer because it has no adequate remedy at law to challenge the Labor Commissioner's procedural unfairness, including the failure to complete the investigation within 60 days as required by statute.  As we will explain, ACS has an adequate legal remedy because it can raise these points in defense to the Labor Commissioner's action to enforce her order.  Accordingly, we shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Thomas worked as a security guard at ACS from January 2007 until November 2007.  On May 15, 2008, Thomas filed a complaint with the Labor Commissioner, alleging that he was terminated in retaliation for asserting his rights under the Labor Code.  Thomas had complained about not receiving his paychecks and said he would go to "the Labor Board."

Over three years later, on July 9, 2011, the Labor Commissioner issued a determination that "there is reasonable cause to believe [ACS] violated the Labor Code." The Labor Commissioner directed ACS to cease and desist retaliation, offer Thomas reinstatement to his position or a substantially equivalent position, and pay Thomas back wages plus interest.

ACS immediately appealed the decision, which the Acting Director of the Department of Industrial Relations upheld.

---

[1]  Further undesignated statutory references are to the Labor Code.

[2]  An appeal lies from a dismissal order after a demurrer is sustained without leave to amend.  (Code Civ. Proc., §§ 581d, 904.1, subd. (a); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667.)

2

On September 19, 2011, the Labor Commissioner sent ACS a demand letter. The demand was for $86,094.56 in back wages for Thomas for the period November 21, 2007 through September 21, 2011, with back wages continuing to accrue until an unconditional offer of reinstatement was made. The demand included 10 percent interest on lost wages--$12,929.52 as of September 21, 2011--and an unconditional offer to Thomas of reinstatement with restoration of all lost benefits. ACS was given 10 days to comply with the demand.

On September 27, 2011, ACS petitioned for a writ of mandate to command the Labor Commissioner to retract its determination and orders to take remedial action, and to dismiss the complaint filed by Thomas. ACS alleged the Labor Commissioner failed to give ACS notice of her determination within 60 days of Thomas's complaint, as required by statute. ACS suffered actual prejudice from the delay because its primary exculpatory witness had died in January 2009 and other witnesses moved away. The Labor Commissioner had relied upon the failure of ACS to produce this primary witness in her determination that there was a Labor Code violation

The writ petition alleged that the determination was not supported by the evidence. It alleged that Thomas was not terminated from employment; he resigned. He was not qualified for his position because he engaged in threatening and belligerent behavior, used profane language, and refused to leave the premises. ACS believed that reinstating Thomas would conflict with its duty under sections 6400 and 6403 to provide a safe workplace.

The writ petition also alleged that ACS had no "plain, speedy, and adequate legal remedy" to challenge the Labor Commissioner's determination. ACS had filed an appeal with the Director of the Department of Industrial Relations, which was denied, and no additional right to appeal "is provided."

On November 7, 2011, while the writ petition was pending, the Labor Commissioner filed a complaint in Sacramento County Superior Court against ACS for

back pay and injunctive relief. The complaint alleged ACS violated section 98.6 by retaliating against Thomas--terminating his employment--after he complained about receiving late paychecks and claimed he would go to "the Labor Board.

ACS answered this complaint. It asserted 35 affirmative defenses. These affirmative defenses included that the complaint was barred by various statutes of limitations and laches, the complaint violated due process, and the Labor Commissioner violated her statutory obligations under section 98.7.

The Labor Commissioner demurred to the writ petition, alleging that ACS had an adequate legal remedy in the pending Sacramento action. She argued the 60-day deadline in section 98.7 for giving notice of the determination was directory, not mandatory.

At the hearing on the demurrer, the Labor Commissioner argued her order for back pay and reinstatement was not self-executing; she had to bring an action to enforce it. She argued ACS could raise the issue of delay and the loss of its witness in the Sacramento suit to enforce the order. Counsel represented that every such case she had litigated had been a trial de novo.

The trial court found the Labor Commissioner was bound by these representations as to the nature of the trial in the Sacramento action. Based on these representations, the court ordered the writ petition dismissed.

## DISCUSSION

### I

### *Writ of Mandate*

"A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person." (Code Civ. Proc., § 1085, subd. (a).) To obtain writ

4

relief, "the petitioner must show there is no other plain, speedy, and adequate remedy; the respondent has a clear, present, and ministerial duty to act in a particular way; and the petitioner has a clear, present and beneficial right to performance of that duty." (*County of San Diego v. State* (2008) 164 Cal.App.4th 580, 593.)

"The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., § 1086.) Usually, a writ of mandate is available *only* if there is no plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., § 1086; *San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 301.) "'It is a general rule that the extraordinary remedy of mandate is not available when other remedies at law are adequate.' [Citation.]" (*Agosto v. Board of Trustees of Grossmont-Cuyamaca Community College Dist.* (2010) 189 Cal.App.4th 330, 336.)

"An action at law or in equity, in a competent trial court, is the ordinary remedy to protect any right. When that action is available, it is presumed to be adequate and normally precludes a resort to mandamus. [Citations.]" (8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 122, p. 1013.)

II

*Labor Code Provisions*

Section 98.6 prohibits retaliation, by discharge or other discrimination, against any employee for exercising rights protected by the Labor Code. (§ 98.6.) Section 98.7 provides for filing a complaint with the Labor Commissioner if one believes such discharge or discrimination has occurred.

The process begins with the complainant (employee) filing a complaint within six months of the alleged violation. (§ 98.7, subd. (a).) A discrimination complaint investigator then investigates. (*Ibid*.) The complaint is assigned for investigation as a priority matter. "Discrimination complaints assigned for investigation shall have a higher priority than any other work assigned to those investigators." (Stats. 1985, ch. 1480, § 8,

5

p. 5429.) The investigation may include interviews with witnesses and a review of documents. The investigator prepares a report, which is reviewed by the Labor Commissioner to determine whether a violation occurred. (§ 98.7, subd. (b).) The Labor Commissioner may hold a hearing if deemed necessary to fully establish the facts. (*Ibid.*)

If the Labor Commissioner determines there is a violation, she shall notify both the complainant and respondent (employer) of her determination "not later than 60 days after filing of the complaint." (§ 98.7, subd. (e).) Either party may appeal the determination to the Director of Industrial Relations within 10 days. "The director may consider any issue relating to the initial determination and may modify, affirm, or reverse the Labor Commissioner's determination." (*Ibid.*) The determination on appeal shall then be the determination of the Labor Commissioner. (*Ibid.*)

Where a violation is found, the Labor Commissioner must order the respondent to cease and desist from the violation and take remedial action, including, where appropriate, reinstatement and reimbursement of lost wages with interest. (§ 98.7, subd. (c).) If, within 10 working days of the notice of Labor Commissioner's determination, the respondent does not comply with this order, "the Labor Commissioner shall bring an action promptly in an appropriate court against the respondent." (*Ibid.*) "In any action, the court may permit the claimant to intervene as a party plaintiff and shall have jurisdiction, for cause shown, to restrain the violation and to order all appropriate relief." (*Ibid.*)

### III

*ACS's Contentions and Analysis*

ACS contends the trial court abused its discretion in dismissing the petition for a writ of mandate because it has no other remedy to challenge the Labor Commissioner's determination and order. ACS contends the pending Sacramento action to enforce the order does not provide an adequate remedy because it does not provide for a "trial de novo." ACS bases this contention on the language of subdivision (c) of section 98.7

6

which provides that the court has "jurisdiction, *for cause shown*, to restrain the violation and to order all appropriate relief." (Italics added.) ACS argues the language "for cause shown" is clear and unambiguous and does not encompass a trial de novo.[3] ACS contends that when the Legislature intended to provide for a trial de novo, it expressly said so. For example, section 98.2 provides for an appeal of an order, decision, or award by filing an appeal to the superior court, "where the appeal shall be heard de novo." (§ 98.2, subd. (a).)

We recognize the general rule of statutory interpretation about the use of same or different words in a statute. "'Where the same word or phrase might have been used in the same connection in different portions of a statute but a different word or phrase having different meaning is used instead, the construction employing that different meaning is to be favored.'" [Citation.]" (*Alameda County Flood Control & Water Conservation Dist. v. Department of Water Resources* (2013) 213 Cal.App.4th 1163, 1186.) That rule is inapplicable here because section 98.2 and section 98.7 provide for very different procedures. The words "de novo" and "for cause shown" are *not* used in the same context or "in the same connection."

Section 98 gives the Labor Commissioner the authority to investigate wage complaints and provides for administrative relief, known as a "Berman" hearing procedure after its legislative sponsor. (*Cuadra v. Millan* (1998) 17 Cal.4th 855, 858 (*Cuadra*), disapproved on other grounds in *Samuels v. Mix* (1999) 22 Cal.4th 1, 16, fn. 4.). "In brief, in a Berman proceeding the commissioner may hold a hearing on the wage claim; the pleadings are limited to a complaint and an answer; the answer may set forth

---

[3] ACS does not, however, explain what the clear and unambiguous meaning of "for cause shown" is. "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)

7

the evidence that the defendant intends to rely on, and there is no discovery process; if the defendant fails to appear or answer no default is taken and the commissioner proceeds to decide the claim, but may grant a new hearing on request. (§ 98.) The commissioner must decide the claim within 15 days after the hearing. (§ 98.1.) Within 10 days after notice of the decision any party may appeal to the appropriate court, where the claim will be heard de novo; if no appeal is taken, the commissioner's decision will be deemed a judgment, final immediately and enforceable as a judgment in a civil action. (§ 98.2.)" (*Cuadra, supra,* 17 Cal.4th at pp. 858-859.) Under this procedure, there is a hearing, albeit an informal one, and the Labor Commissioner's order, decision, or award shall "be deemed the final order" unless there is an appeal. (§ 98.2, subd. (d).) A party may seek review of the order, decision or award "by filing an appeal to the superior court, where the appeal shall be heard de novo." (§ 98.2, subd. (a).) Since an appeal may provide only limited review, it was necessary for the Legislature to indicate the review was de novo.

Under section 98.7, by contrast, there is usually no hearing and the Labor Commissioner's order does not become "final" without further action by the Labor Commissioner.[4] Unless the employer voluntarily complies with the order, the Labor Commissioner must "bring an action promptly in an appropriate court against the respondent." (§ 98.7, subd. (c).) The employer does not "appeal" the order to a court, as under section 98.2. Instead, the burden is on the Labor Commissioner to enforce its order by bringing an action.

The question, then, is whether ACS has the opportunity to raise defenses, including procedural defenses, in this action. Nothing in section 98.7 prevents an

---

[4] The Labor Commissioner's Summary of Procedures for retaliation and discrimination complaints indicates that only rarely will a hearing be held before the determination is made.

employer from raising procedural defenses in the Labor Commissioner's action. Since the statutory scheme requires that the Labor Commissioner file an action to enforce her determination, rather than putting the burden on the aggrieved party to appeal or seek review, there is no need to specify that there is de novo review. As we explain, an action by its very nature is a de novo procedure. We conclude ACS has the right to raise any defense that a defendant may raise in an action.

"An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22.) "[A]n action not only encompasses the complaint 'but refers to the entire judicial proceeding at least through judgment and is generally considered synonymous with "suit".' [Citations.]" (*Salawy v. Ocean Towers Housing Corp*. (2004) 121 Cal.App.4th 664, 672.) "An 'action' thus includes all proceedings, at least to the time of judgment, which are required to perfect the rights. The defenses raised in the answer to the complaint are a real part of any action." (*Palmer v. Agee* (1978) 87 Cal.App.3d 377, 387.)

"Where the Legislature creates a right of action and makes no special provisions for its enforcement, other than by directing that a civil action may be brought for that purpose, such action may be commenced and prosecuted pursuant to the provisions of the general law regulating proceedings in civil cases, and parties to such actions may take any and all steps authorized thereby." (*Burson v. Cowles* (1864) 25 Cal. 535, 538.)

Here, in accordance with general law, the Labor Commissioner filed a complaint and ACS filed an answer, asserting numerous defenses. (See Code Civ. Proc., §§ 420, 422.10.) ACS offers no coherent reason why its defenses cannot be litigated in the Labor Commissioner's action.

ACS contends it has been deprived of due process because the Labor Commissioner has ordered it to pay Thomas money without a hearing. "Due process

9

principles require reasonable notice and opportunity to be heard before governmental deprivation of a significant property interest.  [Citations.]"  (*Horn v. County of Ventura* (1979) 24 Cal.3d 605, 612.)  Because money is a property interest, the Labor Commissioner's determination implicates a property interest.  (*Corrales v. Bradstreet* (2007) 153 Cal.App.4th 33, 60.)  The Labor Commissioner agrees that depriving ACS of its money without a hearing and other protections would violate due process, but contends there is no due process violation because the pending superior court action provides ACS with full due process protection.  We agree; indeed, due process requires that we interpret section 98.7 to permit the employer to raise all applicable defenses in the superior court action to enforce the Labor Commissioner's order.  "An established rule of statutory construction requires us to construe statutes to avoid 'constitutional infirmit[ies].'  [Citations.]"  (*Myers v. Philip Morris Companies, Inc*. (2002) 28 Cal.4th 828, 846–847.)  "[C]ourts should, if reasonably possible, construe a statute 'in a manner that avoids *any* doubt about its [constitutional] validity.'"  (*Kleffman v. Vonage Holdings Corp*. (2010) 49 Cal.4th 334, 346, original italics.)

ACS contends the trial court erred in giving deference to the Labor Commissioner's interpretation of the language of section 98.7 because such interpretation is clearly erroneous.  (See *Southern Cal. Edison Co. v. Public Utilities Com.* (2000) 85 Cal.App.4th 1086, 1105, ["an agency's interpretation of a regulation or statute does not control if an alternative reading is compelled by the plain language of the provision"].  Because we find the Labor Commissioner's interpretation of section 98.7 correct, we reject this contention.

ACS contends the trial court abused its discretion in dismissing the writ petition because the petition set forth the essential elements for writ relief.  ACS will be able to raise these defenses in defense to the Labor Commissioner's action.

Finally, ACS requested leave to amend its petition if this court finds the demurrer was properly sustained.  "'When a demurrer . . . is sustained without leave to amend, we

decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citations.]'" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) ACS does not indicate how it could amend the petition to show there is no adequate remedy at law and there is no reasonable possibility that this defect can be cured by amendment.

## DISPOSITION

The judgment is affirmed. The Labor Commissioner shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                                     DUARTE                  , J.


We concur:


           NICHOLSON                , Acting P. J.


           MURRAY                     , J.

Filed 9/27/13

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----


| | |
|---|---|
| AMERICAN CORPORATE SECURITY, INC., | C070504 |
| Plaintiff and Appellant, | (Super. Ct. No. 39201100270100CUWMSTK) |
| v. | |
| JULIE SU, AS LABOR COMMISSIONER, ETC., | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Joaquin County, Duane Martin, Judge. Affirmed.

Cassel Malm Fagundes, Scott Malm and Dorothy Luther, for Plaintiff and Appellant.

David Lawrence Bell, for Defendant and Respondent.


THE COURT:

The opinion in the above-entitled matter filed on September 10, 2013, was not certified for publication in the Official Reports. For good cause it now appears the

12

opinion should be published in the Official Reports, and it is so ordered.


NICHOLSON, Acting P.J.


MURRAY, J.


DUARTE, J.