Filed 3/26/14  Vasquez v. Deutsche Bank National Trust Co. CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SARITA VASQUEZ,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO., as Trustee, etc., et al.,<br><br>  Defendants and Respondents. | 2d Civil No. B246473<br>(Super. Ct. No. 1402601)<br>(Santa Barbara County) |

Sarita Vasquez appeals a judgment of dismissal entered after the trial court sustained a demurrer to her first amended complaint without leave to amend.  (Code Civ. Proc., § 581d.)  We affirm.

*FACTS AND PROCEDURAL HISTORY*

On July 5, 2012, Vasquez filed a complaint in propria persona against Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-5, Mortgage-Backed Pass-Through Certificates Series 2006-5 ("Bank"), and Power Default Services, Inc. ("Power").[1]  Vasquez attempted to allege causes of action for rescission, cancellation of recorded documents, quiet title, breach of fiduciary duty, and fraud.  She also requested injunctive relief and damages.

---

[1] We shall refer to defendants jointly as "Bank," except where clarity demands that we draw a distinction.

Vasquez alleged that she purchased real property at 222 East Calle Laureles in Santa Barbara in May 2005. On August 15, 2006, she refinanced the purchase of the property by application to American Brokers Conduit ("ABC"). As part of the refinance, Vasquez executed a promissory note for $928,000 and a deed of trust securing that obligation. She later learned that the deed of trust was assigned to the Bank without her knowledge or consent. Vasquez alleged that she discovered her causes of action on March 4, 2012, and then sent ABC and the Bank a unilateral notice of rescission pursuant to Civil Code section 1691.

Specifically, Vasquez complained that ABC did not make a "loan" to her. Instead, she alleged that they induced her to execute a promissory note and "later monetized [her] signature to create some sort of 'Bearer Instrument' which [ABC] later sold to third party-investors." ABC thus deposited Vasquez's obligation "in a transaction account for the purpose of creating *new* money for itself without disclosure to [Vasquez]." Vasquez alleged that ABC's practice was an "investment transaction scheme" that "duped [her] into loaning herself her own 'money.'"

On July 18, 2012, the Bank demurred to Vasquez's complaint, asserting that the complaint did not state facts sufficient to state a cause of action and also was uncertain. (Code Civ. Proc., § 430.10, subds. (e) & (f).) The Bank requested and the trial court agreed to take judicial notice of recorded documents evidencing the refinancing transaction, as well as a recent federal court ruling dismissing a similar lawsuit brought by Vasquez. (Evid. Code, § 452, subds. (c) & (d).) The Bank also provided recorded documents evidencing that, in 2011, Vasquez defaulted in her loan payments and that trustee Power sold the property at a nonjudicial foreclosure sale conducted on January 27, 2012.

The promissory note and deed of trust executed by Vasquez in favor of ABC expressly stated that ABC could transfer or sell the promissory note without prior notice to Vasquez. The promissory note also provided that "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called 'the Note Holder.'"

Following origination of the ABC refinance, the beneficial interest in the note and deed of trust was transferred to American Home Mortgage Assets Trust 2006-5, Mortgage-Backed Pass-Through Certificates Series 2006-5, for which Deutsche Bank National Trust Co. was and is the trustee. An assignment formally reflecting this transfer was recorded on March 22, 2011. Subsequently, Deutsche Bank substituted Power as trustee under the deed of trust.

On September 18, 2012, the trial court held a hearing regarding the Bank's demurrer. It sustained the demurrer and permitted Vasquez leave to amend to state a cause of action. In ruling, the court described the complaint as "basically nonsensical," and failing to state a cause of action for fraud or to allege tender of the indebtedness to obtain rescission, among other things.

On October 9, 2012, Vasquez filed a first amended complaint containing only minor differences, i.e. substituting the phrase "mortgage transaction" for the word "loan," and quoting the Uniform Commercial Code extensively. Vasquez continued to complain of the "monetization" of her signature on the note and deed of trust and subsequent sale of the debt to third party investors. The Bank again demurred. Following a hearing on November 27, 2012, at which Vasquez did not appear, the trial court sustained the Bank's demurrer to the first amended complaint without leave to amend.

Vasquez appeals and contends that 1) the trial court erred by sustaining the demurrer without leave to amend, and 2) the trial court denied her due process of law pursuant to the federal and California Constitutions.

*DISCUSSION*

*I.*

On appeal from a judgment dismissing an action following the sustaining of a demurrer without leave to amend, our standard of review is de novo, i.e., we exercise our independent judgment whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory. (*Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545, 564.) We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. (*Aryeh v. Canon*

3

*Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1189, fn. 1; *Lafferty*, at p. 564.).) We also give the complaint a reasonable interpretation, reading it in context and as a whole, to determine whether plaintiff has stated a cause of action. (*Lafferty*, at p. 564.)

Pursuant to the rules of truthful pleading, we disregard allegations that are inconsistent with other allegations or matters that may be judicially noticed. (*Trinity Park, L.P. v. City of Sunnyvale* (2011) 193 Cal.App.4th 1014, 1027, disapproved on other grounds by *Sterling Park, LP v. City of Palo Alto* (2013) 57 Cal.4th 1193, 1202-1203, 1210.)

Plaintiff bears the burden of showing that the factual allegations establish every element of each cause of action pleaded. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.) We affirm the trial court's ruling if there is any ground upon which the demurrer could have been properly sustained. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 752.) Plaintiff also bears the burden of showing that a reasonable possibility exists that she can amend his pleading to state a cause of action. (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 962; *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44 ["Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend"].)

For several reasons, the trial court did not err by sustaining the Bank's demurrer to Vasquez's first amended complaint without leave to amend.

To the extent that Vasquez alleges that she did not understand that her promissory note and deed of trust would become negotiable instruments, she has not stated a valid cause of action. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 ["Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note"].) Ordinarily, a party to a contract cannot justifiably claim unawareness of the express

4

provisions of the contract. (*Fuller v. First Franklin Financial Corp.*, *supra*, 216 Cal.App.4th 955, 964.) The promissory note and deed of trust that Vasquez executed specifically provide that the instruments may be transferred or sold without prior notice to her. "A cardinal rule of contract law is that a party's failure to read a contract, or to carefully read a contract, before signing it is no defense to the contract's enforcement." (*Desert Outdoor Advertising v. Superior Court* (2011) 196 Cal.App.4th 866, 872.)

Moreover, Vasquez has not sufficiently alleged that the Bank held a fiduciary relationship toward her. The general rule is that the relationship between an institutional lender and a borrower is not a fiduciary one. (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1093, fn. 1.) Vasquez did not allege any of the limited exceptions to that general rule. (*Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 899-902.)

Vasquez also did not allege that she returned or offered to return the loan proceeds prior to requesting the remedy of rescission of the refinancing transaction. (*Garcia v. Wachovia Mortgage Corp.* (C.D. Cal. 2009) 676 F.Supp.2d 895, 901 ["'Rescission is an empty remedy without [plaintiff's] ability to pay back what she has received'"].) Civil Code section 1691 provides: "Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind: [¶] . . . (b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so."

Moreover, Vasquez's notice of rescission was untimely, having been sent to the Bank nearly three months following the foreclosure sale. Vasquez's obligations pursuant to the note and deed of trust were extinguished when the Bank made a full credit bid and took title to the foreclosed property. (*Bank of America v. Quackenbush* (1997) 56 Cal.App.4th 1167, 1170-1171 [a full credit bid at a nonjudicial foreclosure sale extinguishes the lien and releases the borrower from further obligations under the defaulted note].)

5

For these reasons, we need not address the remaining grounds asserted by the Bank and relied upon by the trial court in sustaining the demurrer to Vasquez's first amended complaint without leave to amend.

## II.

Vasquez also argues that the trial court denied her due process of law by its dismissal order because she is unable to proceed to trial regarding her claims against the Bank.[2]

Vasquez received notice of the Bank's demurrer to her first amended complaint and chose not to appear or to respond to the complaint. She thus received notice and an opportunity to be heard. (*American Corporate Security, Inc. v. Su* (2013) 220 Cal.App.4th 38, 46 [due process principles require reasonable notice and opportunity to be heard before governmental deprivation of a significant property interest].) Prior to receiving a trial regarding her claims, the law requires that she plead a viable cause of action against the Bank. When she did not do so, the trial court properly terminated her lawsuit at the pleading stage.

The judgment of dismissal is affirmed. Respondents shall recover costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

---

[2] In ruling, the trial court stated: "This Court previously sustained defendants' demurrer to plaintiff's original complaint. In doing so, it expressly advised plaintiff that her theory of liability was untenable, and did not and could not give rise to any liability to her by defendants. It further advised her that she could not both keep the proceeds of the loan that was made to her and obtain title to the property."

6

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Sarita Vasquez, in pro. per., for Plaintiff and Appellant.


Wright, Finlay & Zak, LLP, T. Robert Finlay, Lukasz I. Wozniak for Defendants and Respondents.