Filed 7/31/14 Tustin v. Bank of America CA6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WAYNE TUSTIN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendant and Respondent. | 2d Civil No. B251211<br>(Super. Ct. No. 1402435)<br>(Santa Barbara County) |

Wayne Tustin appeals a judgment entered after the trial court sustained a demurrer to his second amended complaint without leave to amend. (Code Civ. Proc., § 581d.) Appellant's action seeks (1) to rescind the secured promissory note and deed of trust he executed in favor of Countrywide Bank, N.A. (Countrywide); (2) to enjoin foreclosure proceedings emanating from his default; and (3) to recover compensatory and punitive damages. We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On March 25, 2008, Appellant executed a promissory note for $1 million that was secured by real property he and his wife owned in Santa Barbara. The deed of trust identifies Countrywide as the lender, ReconTrust Company (ReconTrust) as the trustee and "MERS" as the lender's nominal

beneficiary. The deed of trust invests the trustee with a power of sale in the event the borrowers default. The loan closed and, based upon the recording date of the deed of trust, it appears the funds were distributed on or about April 1, 2008. In July 2008, Bank of America (the Bank) and Countrywide merged.

Appellant made monthly payments of $4,895 until July 2011. On October 19, 2011, MERS assigned its beneficial interest in the deed of trust executed by Appellant to the Bank. The assignment was recorded on October 25, 2011. The Bank then instructed ReconTrust to execute and record a Notice of Default and Election to sell the property securing Appellant's promissory note. Appellant's arrearage at that time was said to be $44,835.59. A Notice of Trustee's Sale has not yet been scheduled.

In April 2012, Appellant sent the Bank a letter declaring he was rescinding the promissory note and deed of trust. He has never tendered the balance of the principal and interest due on the loan or any part of it.

On June 22, 2012, Appellant filed the first version of his complaint against Respondents. Respondents' demurrers were sustained with leave to amend. On October 11, 2012, Appellant filed a first amended complaint that also drew a demurrer that was sustained with leave to amend. The most recent version of Appellant's second amended complaint was filed on March 25, 2013.

The second amended complaint alleges that Countrywide did not make a loan to him. Instead, he claims that he was induced to execute a promissory note that was "later monetized . . . to create some sort of 'Bearer Instrument' which [Countrywide] later sold to third party-investors." He asserts Countrywide then counted "Appellant's obligation as an asset at a 'hyper-inflated value in a transaction account for the purpose of creating *new* money for itself without disclosure to [Appellant].'" Appellant alleged that Countrywide's practice was an "investment transaction scheme" that "duped [him] into loaning himself his own []money." Appellant asserts that Countrywide did not disclose its strategy to him and contends it was unjustly enriched at his expense.

2

On April 29, 2013, Respondents demurred to Appellant's second amended complaint, asserting that it did not state facts sufficient to state a cause of action and that he should not be granted leave to amend. (Code Civ. Proc., § 430.10, subds. (e) & (f).) Respondents requested and the trial court agreed to take judicial notice of the deed of trust, the assignment of the deed of trust and the notice of default and election to sell. (Evid. Code, § 452, subds. (c) & (d).)

On June 5, 2013, the trial court sustained Respondents' demurrer without leave to amend. Appellant appeals, contending (1) the trial court erred by sustaining the demurrer without leave to amend; (2) that the trial court was biased because it ruled against him; and (3) he was denied due process of law by the ruling.

*DISCUSSION*

*I.*

*Standard of Review*

On appeal from a judgment dismissing an action following the sustaining of a demurrer without leave to amend, our standard of review is de novo, i.e., we exercise our independent judgment whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory. (*Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545, 564.) We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1189, fn. 1; *Lafferty*, *supra*, at p. 564.).) We also give the complaint a reasonable interpretation, reading it in context and as a whole, to determine whether plaintiff has stated a cause of action. (*Lafferty*, *supra*, at p. 564.)

Appellant bears the burden of showing that the factual allegations establish every element of each cause of action pleaded. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.) We affirm the trial court's ruling if there is any ground upon which the demurrer could have been

3

properly sustained. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 752.) Appellant also bears the burden of showing that a reasonable possibility exists that he can amend his pleading to state a cause of action. (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 962; *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44 ["Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend"].)

## II.

*It was not error to sustain Respondents' demurrer without leave to amend.*

Appellant states in his second amended complaint that he is "untrained in the law, unfamiliar with local rules, not self-represented [*sic*], not represented by licensed counsel, an individual in the exercise of accountability." He also asked that his "pleadings 'be liberally construed' pursuant to the '*Kerner Doctrine.*'"

"In Propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules. . . ." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. . . .' [Citation.]" (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived. [Citations.]" (*In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 830.)

Appellant's Opening Brief does nothing more than reiterate the allegations of his second amended complaint. There is no reasoned argument or citation to authority that supports the nonsensical contention that by promising to repay the $1 million he induced Countrywide to lend to him, the act of signing his name somehow cancels his obligation to pay the money back. He offered nothing that shows there is a reasonable possibility he can amend his pleading to state a cause of action.

To the extent Appellant alleges that he did not understand that his note was a security instrument and could be sold or transferred to others, he cannot state a cause of action that warrants the relief he requests. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 ["Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note"].) Ordinarily, a party to a contract cannot justifiably claim unawareness of the express provisions of the contract. (*Fuller v. First Franklin Financial Corp.*, *supra*, 216 Cal.App.4th 955, 964.) The promissory note and deed of trust that Appellant executed specifically provide that the instruments are "Security Instruments" that may be transferred or sold without prior notice to him. "A cardinal rule of contract law is that a party's failure to read a contract, or to carefully read a contract, before signing it is no defense to the contract's enforcement. [Citation.]" (*Desert Outdoor Advertising v. Superior Court* (2011) 196 Cal.App.4th 866, 872.)

Appellant did not allege that he returned or offered to return the loan proceeds prior to requesting the remedy of rescission of the refinancing transaction. (*Garcia v. Wachovia Mortgage Corp.* (C.D. Cal. 2009) 676 F.Supp.2d 895, 901 ["'Rescission is an empty remedy without [plaintiff's] ability to pay back what she has received'"].) Civil Code section 1691 provides: "Subject to Section 1693, to effect a rescission a party to the contract must,

5

promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind: [¶] . . . [¶] (b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so."

## III.

### *Bias cannot be inferred from adverse findings or rulings.*

Appellant argues "extreme prejudice and bias" must be inferred from findings and rulings made by the trial judge because they were adverse to the propositions he advanced. His contention is without merit. The findings and observations of a judge in the discharge of his or her duty to resolve disputes is not evidence of bias or prejudice. (*Jack Farenbaugh & Son v. Belmont Construction* (1987) 194 Cal.App.3d 1023, 1031, citing *Estate of Friedman* (1915) 171 Cal. 431, 440.)

## IV.

### *Sustaining the demurrer does not deny Appellant due process.*

Appellant argues that the trial court's ruling and the order of dismissal denied him due process of law because he is unable to proceed to trial regarding his claims against Respondents.

Appellant received notice of the Respondents' demurrer to his second amended complaint and had an opportunity to be heard. (*American Corporate Security v. Su* (2013) 220 Cal.App.4th 38, 46 [due process principles require reasonable notice and opportunity to be heard before governmental deprivation of a significant property interest].) But before Appellant is entitled to trial on the merits of his claims, the law requires him to plead a viable cause of action against Respondents. When he did not do so, and failed to give the trial court any indication that he might be able to do so, the court properly terminated the action at the pleading stage.

6

The judgment of dismissal is affirmed.  Respondents shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BURKE, J.[*]

We concur:

GILBERT, P. J.

PERREN, J.

_____

[*] (Judge of the Superior Court of San Luis Obispo County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

7

James E. Herman, Judge

Superior Court County of Santa Barbara

_____


Wayne Tustin, in pro. per., for Plaintiff and Appellant.

Reed Smith, David Reidy and Matthew J. Brady for Defendants and Respondents.