Filed 4/24/15  Liu v. Dept. of Industrial Relations CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AMY LIU,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF INDUSTRIAL RELATIONS,<br><br>    Defendant and Respondent. | A143128<br><br>(Alameda County<br>Super. Ct. No. RG14723621) |

Amy Liu filed a complaint with Division of Labor Standards Enforcement of the Department of Industrial Relations (the Department) under Labor Code section 98.7,[1] alleging unlawful retaliation by her former employer.  After investigation, the Department determined that there was insufficient cause to initiate a complaint.  Liu filed a petition for writ of mandate in the superior court, seeking to compel the Department to hold an evidentiary hearing.  The trial court sustained the Department's demurrer without leave to amend.  We affirm.

## I.    BACKGROUND

A.    *Section 98.7*

"Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the [Department]."  (§ 98.7, subd. (a).)  The Department must assign the complaint to a discrimination complaint investigator, who

---

[1] Undesignated statutory references are to the Labor Code.

1

then submits a report to the Labor Commissioner, including the statements and documents obtained in the investigation, and the findings of the investigator concerning whether a violation occurred. "The investigation shall include, where appropriate, interviews with the complainant, respondent, and any witnesses who may have information concerning the alleged violation, and a review of any documents that may be relevant to the disposition of the complaint." (*Id.*, subd. (b).) The Department *may* hold an investigative hearing "whenever the Labor Commissioner determines, after review of the investigation report, that a hearing is necessary to fully establish the facts." (*Ibid.*)

If the Department determines a violation has occurred, it may "direct the respondent to cease and desist from the violation and take any action deemed necessary to remedy the violation, including, where appropriate, rehiring or reinstatement, reimbursement of lost wages and interest thereon . . . ." (§ 98.7, subd. (c).) The Department is authorized to bring an action to compel compliance, if necessary. (*Ibid.*) If, on the other hand, the Department determines no violation has occurred, the complainant and respondent are notified and the complaint is dismissed. In that event, the complainant may bring his or her own action in an appropriate court, "which shall have jurisdiction to determine whether a violation occurred, and if so, to restrain the violation and order all appropriate relief to remedy the violation." (*Id.*, subd. (d).)

B. *Procedural History*[2]

Liu was employed by the University of California at Berkeley from 1993 until she was terminated on August 31, 2009. She filed a complaint with the Department, alleging retaliation for engaging in protected activity (i.e., filing a "whistleblower" complaint).[3] On October 7, 2013, the Department notified Liu by letter of its determination that she had failed to meet her burden of proving retaliation. No formal evidentiary hearing was held. Liu, through counsel, initiated an administrative appeal of the decision. On

---

[2] As we discuss *post*, Liu provides virtually no meaningful citations to the record. We are required to rely upon the Department's briefing and our own review of the record.

[3] Section 98.6 prohibits retaliation, by discharge or other discrimination, against any employee for exercising rights protected by the Labor Code.

2

March 17, 2014, the appeal was denied on the basis that "no substantial evidence [was] produced in the course of the investigation to corroborate [Liu's] allegations."

On May 1, 2014, Liu filed her petition for writ of mandate (Petition) in the Alameda County Superior Court, seeking an order commanding the Department to "set aside and revoke " the March 17, 2014 order.[4]  The Department demurred, asserting that administrative mandamus was not available because an order under section 98.7 was "not 'the result of a proceeding in which by law a hearing is required to be given,' " and that traditional mandamus was not available because Liu had an adequate remedy at law by filing her own suit against her employer.  The court apparently made a tentative ruling sustaining the demurrer with leave to amend.  Following hearing on July 30, 2014, and argument by counsel, the court sustained the demurrer without leave to amend on the basis that the Petition failed to state facts sufficient to support a claim under Code of Civil Procedure section 1094.5.  The court explained that Liu "alleged at the hearing that the proposed amendment would be to compel an evidentiary hearing.  A hearing is not required by law.  (*American Corporate Security, Inc. v. Su* (2103) 220 Cal.App.4th 38.)"  The Petition was dismissed.  Liu filed a timely notice of appeal.

## II.    DISCUSSION

We face, once again, the now all too familiar circumstance of a self-represented appellant with a deeply-held perception that he or she has been the victim of an injustice, but with little or no understanding of the role (or rules) of this court in considering such

---

[4] A writ of mandate may be issued "for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury."  (Code Civ. Proc., § 1094.5, subd. (a).)  A writ also may be "issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ," and must be issued "in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law."  (*Id.*, §§ 1085, subd. (a), 1086.)

3

claims.[5]  Liu's briefing addresses none of the legal issues considered in the trial court and instead focuses on what she considers to be the misconduct of her retained attorney in presenting her claims below, alleging that her counsel engaged in "fraud" and "intentionally ruined my case."  Liu contends that she is thus entitled to a "fair re-trial."

As the Department points out, the few citations Liu makes to the record do not provide support for the "facts" she alleges.  The sparse legal authority she cites has no apparent relevance, and she articulates none.  Her attorneys filed timely pleadings on her behalf in the trial court, submitted points and authorities in opposition to the demurrer, and appeared at hearing to contest the court's tentative ruling on the motion.  Even if any of her claims of attorney misfeasance had factual support, she states no basis for reversal.  Attorney neglect in civil cases, if any, generally is imputed to the client, and an appellant who selected private counsel to represent her in a civil case is not entitled to retrial on the ground that counsel was ineffective.  (*In re Marriage of Campi* (2013) 212 Cal.App.4th 1565, 1574–1575.)

While Liu has forfeited any other claim by failure to raise it, our own review of the record and briefing submitted by the Department further demonstrates that the trial court's ruling was, in any event, correct.  " 'When a demurrer . . . is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of

---

[5] We reiterate the following well-established rules, unfortunately unfamiliar to most pro se litigants:  (1) "an appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness" (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649–650); (2) when an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived" (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785); and (3) a party who chooses to represent himself on appeal "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys" (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246).

4

proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

Liu seems to believe that the trial court ruled against her because her attorney failed to file an administrative record of Department proceedings. Not so. The trial court held that she could not state a cause of action under Code of Civil Procedure section 1094.5 because section 98.7 does not require an evidentiary hearing. Administrative mandate is available " 'only if the decision[] resulted from a "proceeding in which *by law*: 1) *a hearing is required to be given,* 2) evidence is required to be taken, and 3) discretion in the determination of facts is vested in the agency." ' [Citations.]" (*McGill v. Regents of University of California* (1996) 44 Cal.App.4th 1776, 1785; see *American Corporate Security, Inc. v. Su, supra,* 220 Cal.App.4th at p. 45, fn. 4 ["only rarely will a hearing be held before the [Department's] determination" on a § 98.7 complaint].) Moreover, as the trial court observed at the motion hearing, Liu continues to have a plain, speedy and adequate remedy at law—her ability to file suit against her former employer. " ' "It is a general rule that the extraordinary remedy of mandate is not available when other remedies at law are adequate." [Citation.]' [Citation.]" (*American Corporate Security,* at p. 43.)

### III. DISPOSITION

The judgment is affirmed. Appellant shall bear Respondent's costs on appeal.

_____

BRUINIERS, J.

WE CONCUR:

_____

SIMONS, Acting P. J.

_____

NEEDHAM, J.