Filed 1/27/21  Quail Lakes Owners Assn. v. Campbell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| QUAIL LAKES OWNERS ASSOCIATION, | C087279 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCVURP20140006486) |
| v. | |
| ROCHELLE CAMPBELL, as Successor Trustee, etc., | |
| Defendant and Appellant. | |

The Quail Lakes Owners Association (Quail Lakes) brought suit in 2014 against Rochelle Campbell, as successor trustee for the Anne G. Knieriemen Revocable Trust, seeking to enforce provisions in a Declaration of Covenants, Conditions and Restrictions (CC&Rs).  Quail Lakes alleged that the trust owned certain real property in Stockton subject to the CC&Rs and that over time, assessments on the property had become delinquent.  The complaint asserted causes of action for breach of restrictive covenants, nuisance, injunctive relief, and judicial foreclosure.  Following a court trial, the trial court entered judgment in favor of Quail Lakes.

Self-represented on appeal as the sole-beneficiary of the trust, Campbell now purports to assert 26 different assignments of error under separate headings in the argument section of her opening brief.  However, self-represented litigants are required to

1

follow the rules of appellate procedure. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) Here, each of Campbell's assignments of error in her argument consists of a conclusory statement without the required analysis. (See Cal. Rules of Court, rule 8.204(a)(1)(B), (C).) As a result, we need not address her unsupported arguments. (*People v. Oates* (2004) 32 Cal.4th 1048, 1068, fn. 10; *American Corporate Security, Inc. v. Su* (2013) 220 Cal.App.4th 38, 44, fn. 3; *Imagistics Internat., Inc. v. Department of General Services* (2007) 150 Cal.App.4th 581, 591, fn. 8; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)

To the extent Campbell provides some discussion in the other portions of her opening brief, we have identified five primary contentions. We understand Campbell to be claiming (1) the Quail Lakes action is barred by applicable statutes of limitation, (2) there was a denial of due process, (3) substantial evidence does not support the trial court's findings, (4) Quail Lakes violated Civil Code section 5725,[1] and (5) the requirements for alternative dispute resolution were not satisfied. Finding no merit in these contentions, we will affirm the judgment.

## BACKGROUND

Quail Lakes brought suit in 2014 against Campbell, as successor trustee for the Anne G. Knieriemen Revocable Trust, seeking to enforce a Declaration of CC&Rs. Quail Lakes alleged that the trust owned certain real property in Stockton subject to the CC&Rs and that over time, assessments on the property had become delinquent. An exhibit attached to the complaint showed that in 2013, $45,780.77 in special individual assessments and associated fees and interest had accrued on the property based on a failure to prune trees and parking inoperable vehicles. When the assessments became delinquent, a lien was placed on the property. Quail Lakes further alleged it had

---

[1] Undesignated statutory references are to the Civil Code.

2

performed all obligations and conditions required of it, attaching a certificate of compliance with alternative dispute resolution requirements set forth in sections 5930 and 5950.

During the court trial, a Quail Lakes manager testified as an expert on arboriculture, horticulture, and landscaping. He said he first cited the property in the early 1990s and inspected the property at least once a month over the years. He said that in the past 20 years, 75 or more letters had been sent regarding violations and over $160,000 in fines had been recorded in their system. In 2012 and 2013, the Quail Lakes board determined weekly fines would be imposed until the violations were remedied. Notices for those board hearings and the resulting determinations were sent to the homeowner, but the homeowner did not attend the hearings. Hearing notices for tree and shrub violations and inoperative vehicles were entered into evidence. One letter read in part: "All grass, mass planting, or other planting shall be mowed, trimmed, or cut as necessary at regular intervals to maintain them in a neat and attractive manner. Because the trees and shrubs at this property have not been trimmed, you are requested to attend a hearing scheduled for Monday, November 26th, 2012." The manager also described numerous photographs of the property showing the landscaping violations and three cars parked in the driveway that had not moved.

Campbell testified that she had lived in the house since 1992, and that her mother, the original owner, had died in June 2013. Her mother had voiced frustration to Campbell about the Quail Lakes letters.

At the close of evidence, the parties submitted briefs and presented oral argument. The appellate record does not include a transcript of the oral argument. The trial court then took the matter under submission. Two months later, the trial court issued a tentative decision, finding that Quail Lakes had proved all causes of action. The trial court ultimately adopted a proposed statement of decision and entered judgment for Quail

Lakes. The statement of decision is not in the appellate record. The trial court denied a subsequent motion for new trial.

I

Campbell contends the Quail Lakes action is barred by applicable statutes of limitation. Quail Lakes asserted causes of action for breach of restrictive covenants, nuisance, injunctive relief, and judicial foreclosure. Campbell argues Quail Lakes had asserted the breach of restrictive covenants since at least 2005, and thus the claim is barred by the four-year limit set forth in Code of Civil Procedure section 337 or the five-year limit set forth in Code of Civil Procedure section 336.

The record indicates the assessments giving rise to the foreclosure were imposed in late 2012 and/or 2013. Given this record, Campbell does not sufficiently explain how the cited statutes of limitation bar the cause of action for breach of restrictive covenants. Moreover, it appears she did not assert the statutes of limitation in the trial court.

Campbell next argues the lien did not perfect, and time did not toll, because when notice of lien enforcement was sent in August 2013, her mother, the original trustee, had been dead for 74 days. Campbell relies on Code of Civil Procedure section 366.2, which states in part: "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." (Code Civ. Proc., § 366.2, subd. (a).)

Quail Lakes responds that Code of Civil Procedure section 366.2 is inapplicable because the lawsuit is an enforcement action against the property owned by the trust, not against Campbell's mother. To this argument, Campbell offers no response because she

4

did not file a reply brief. In any event, we do not see how the statute could apply where the property has been transferred to the trust.

## II

Campbell next contends there was a denial of due process. She argues the notices of violation were addressed to the homeowner as an individual, rather than the homeowner as a trustee; Campbell was not provided service of process as an individual regarding the vehicles she owned; and the trial court failed to review the notices for content and consistency. But the appellate record does not support her claim of a denial of due process. Campbell testified that she and her mother were aware of the noticed violations. In addition, a notice of lien enforcement was attached to the complaint and was addressed to the trustee. Because Campbell has the burden on appeal to establish prejudicial error, and the other notices of violation are not included in the record on appeal, we must resolve her arguments against her. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [failure to furnish an adequate record requires that the claim be resolved against the party raising the contention]; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 ["prejudicial error must be affirmatively shown"].)

Campbell's argument that she should have received separate service of process in connection with her vehicles parked at the property fails because as we have explained, the action was against the property, not her as an individual.

## III

In addition, Campbell claims substantial evidence does not support the trial court's findings. She asserts the vehicles parked at the house were operable under Department of Motor Vehicles rules. She characterizes the injunctive relief as a contrivance to dispose of the vehicles. As for the landscaping violations, she claims the landscaping had been in place for years, Quail Lakes had adopted subjective standards such as "neat and attractive," and the trial court's findings do not follow from the evidence presented. In addition, she asserts there is no proof of nuisance.

5

In reviewing a claim of insufficient evidence, we consider the evidence in the light most favorable to the prevailing party, affording every reasonable inference and resolving conflicts in its favor. (*Tribeca Companies, LLC v. First American Title Ins. Co.* (2015) 239 Cal.App.4th 1088, 1102.) We do not reweigh the evidence or make credibility determinations. (*Ibid.*)

Evidence was presented that there were various CC&R violations at the property, that notices were sent to the home, that board hearings were held, and that the violations were depicted in photographs. This was substantial evidence supporting the trial court's findings and the judgment. Campbell does not establish otherwise. (See *Hellman v. La Cumbre Golf & Country Club* (1992) 6 Cal.App.4th 1224, 1229 ["a reviewing court will not find unsupported the trial court's findings merely because it might reasonably draw different inferences from those the trial court reasonably drew unless it clearly appears that under no hypothesis is there substantial evidence to support the trier of fact's finding"].)

IV

Campbell further asserts that Quail Lakes violated section 5725. She claims fines were mischaracterized as special individual assessments and as a result, the lien was invalid and foreclosure is precluded.

Section 5725, subdivision (b) prevents an association from characterizing a penalty as an assessment that may give rise to a nonjudicial foreclosure. It provides: "A monetary penalty imposed by the association as a disciplinary measure for failure of a member to comply with the governing documents, except for the late payments, may not be characterized nor treated in the governing documents as an assessment that may become a lien against the member's separate interest enforceable by the sale of the interest under Sections 2924, 2924b, and 2924c." (§ 5725, subd. (b).)

Sections 2924, 2924b, and 2924c all pertain to "power of sale" or nonjudicial foreclosure. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830 ["Civil Code sections 2924

6

through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."]; *Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24, 32 [same]; § 5710, subd. (a) ["Any sale by the trustee shall be conducted in accordance with Sections 2924, 2924b, and 2924c applicable to the exercise of powers of sale in mortgages and deeds of trust"].)

Accordingly, while disciplinary penalties cannot give rise to nonjudicial foreclosure, nothing prohibits an association from seeking foreclosure by judgment of court, as was done here. Indeed, California Code of Regulations title 10, section 2792.26, subdivision (a) provides, consistent with section 5725, that an association "cannot be empowered to cause a forfeiture or abridgement of an owner's right to the full use and enjoyment of his individually-owned subdivision interest on account of the failure by the owner to comply with provisions of the governing instruments . . . except by judgment of a court or a decision arising out of an arbitration or on account of a foreclosure or sale under a power of sale for failure of the owner to pay assessments duly levied by the Association." (Cal. Code Regs., tit. 10, § 2792.26, subd. (a).) In other words, penalties may give rise to foreclosure by judgment of a court.

As this was not a nonjudicial foreclosure, Campbell's contention fails.

V

Moreover, Campbell argues Quail Lakes failed to engage in required alternative dispute resolution (ADR) when requested. She avers the trial court ignored this fact and granted an exception.

Section 5930 requires an association to "endeavor[] to submit their dispute to alternative dispute resolution" before filing an enforcement action. (§ 5930, subd. (a).) To that end, the party commencing the action must attach a certificate stating one or more of the following: (1) that alternative dispute resolution has been completed, (2) that one of the other parties did not accept the terms offered for alternative dispute resolution, or (3) preliminary or temporary injunctive relief is necessary. (§ 5950, subd. (a).)

7

Quail Lakes attached to the complaint a certificate of compliance stating that the alternative dispute resolution requirements under sections 5930 and 5950 were satisfied. Quail Lakes represented that it had offered, and Campbell had accepted, ADR, but then Campbell refused to schedule the ADR.

Campbell does not establish that the Quail Lakes certificate of compliance is incorrect. Although she cites a page in the reporter's transcript in which her trial counsel, during the opening statement, referred to sending letters to the attorney for Quail Lakes and asking repeatedly for "hearings," it is not clear that the comments pertained to ADR. In any event, statements and arguments by counsel are not evidence (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 139) and do not establish error.

The trial court's statement of decision may have addressed this issue, but it is not in the appellate record. Because "a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187), Campbell's arguments lack merit.

### DISPOSITION

The judgment is affirmed. Quail Lakes is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278.)

/S/
MAURO, J.

We concur:


/S/
BLEASE, Acting P. J.


/S/
RENNER, J.

8